# First National Bank of Montgomery v. Tyson.

*Bill by Private Individual to Enjoin Public Nuisance.*

[DECIDED NOV. 23, 1905, 39 SO. REP. 560.]

1. *Highways; Easements; Abutting Owners.*—Although the ulti-mate fee may be in the owner of a lot to the centre of the street, it is subject to the public easements, which confers on the abutting adjacent owner the right to prevent or redress an obstruction or perversion of the street to private use in-consistent with the rights of the public, where special injury results to him.

2. *Nuisance; Public Nuisance; Obstruction of Highway and Street.* The erection of stone columns extending 22 to 26° inches be-yond the building line of a street is such an encroachment on the street as will constitute a public nuisance, to abate which the public may maintain a bill.

3. *Municipal Corporations; Streets; Right of View.*—The owner of property abutting on a public street, has a right of view, light and air, not only in front of his property, but on either side up and down the street.

4. *Same; Obstruction of View; Injunction.*—A public nuisance which encroaches upon an abutting adjacent owner's easement of view, may be abated at the suit of such person, although no special damages be proven.

5. *Same; Allegations of Bill; Variance.*—In a suit by a private per-son to abate a public nuisance because of some special injury to him, the allegation of the cause being shown to exist, the fact that several grounds of injury (or result) are alleged and only one proven, does not constitute a variance.|

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.

Bill by appellee against appellant to restrain the erection of a nuisance.

The bill alleged in substance:

1. Complainant was a resident citizen, property owner, and tax payer in the city of Montgomery. 2. The defendant bank was organized under the laws of the United States, and located in said city. 3. Commerce street, in said city, was dedicated to and accepted by the public more than 50 years ago, and was used by the public for street purposes; that it was laid out of uniform width for its entire length between the building lines, and built up on both sides with business houses, all of which with two exceptions, extending to the building line only or receding therefrom. 4. Complainant owns a three-story brick building on the east side of the street, known as 12 Commerce street, used as a bank and office building, and extending up to the building line of the street, but not encroaching thereon. 5. The defendant bank owned a lot on the same side of the street, known as 14 Commerce street, immediately adjoining complainant's lot and building, upon which the bank was constructing a six-story brick and stone building. 6. The bank intended to place in front of its building four stone columns, as ornaments, to extend from the sidewalk, 16 feet in height and 2 feet, more or less, beyond the established building line into the street; that the bases of these columns had already been laid and the columns cut; that complainant had protested against said encroachment on the highway, but, notwithstanding, the said bank intended to place said columns in front of its building. Upon advice of counsel, complainant averred that the said encroachment upon the highway is a public nuisance, and if completed and placed in position as contemplated "said encroachment will greatly damage your orator beyond that which is common to the public generally by injuring and depreciating the value of your orator's property and by destroying the symmetry of your orator's building along the highway, which is valuable, and by obstructing the light, air and view necessarily ensuing therefrom, and by depreciating the rental value of your orator's property, in that the view of persons going south along said highway north of your orator's building will be cut off

from your orator's building." It was further averred that complainant's valuable tenants would leave the building, and had threatened to leave, if the columns encroached on the highway.

In the prayer of the bill the complainant asked "that a preliminary injunction may issue from your honor's court, directed to the said First National Bank of Montgomery, Alabama, its officers, agents or servants, architects and contractors in charge of said building of the said First National Bank, enjoining and restraining it, its officers, agents and servants, architects and contractors in charge of said building as aforesaid from placing said stone columns on the said highway, as aforesaid; and from placing any encroachment whatsoever on said highway which is intended to be permanent, and upon a hearing thereof, your orator prays that said injunction may be made perpetual, and that said The First National Bank be perpetually enjoined from placing any stone columns, blocks, steps, or any encroachment intended to be permanent upon said highway, in front of its said building aforesaid, and that it may be ordered to remove any encroachment which it has already caused to be placed on said highway of a permanent nature in front of its said building as aforesaid."

THOMAS H. WATTS, ALEX TROY and HORACE STRINGFELLOW, for appellant.—It is an universal doctrine, in equity as well as at law, that relief cannot be had without allegation, supported by proof and that the absence of the one cannot be supplied by the other.—Secs. 3344-6, page 352, 3 Vol. Mayfield's Dig.; *Wharton v. Hannon*, 101 Ala. 554; *Lehman v. McQueen*, 65 Ala. 570; *Floyd v. Ritter*, 56 Ala. 356.

"Relief can only be granted on allegations and proof, and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree."—*McDonald v. Mobile Life Ins. Co.*, 56 Ala. 470.

In equity, a party cannot succeed upon a case proved, but not alleged, any more than upon a case alleged, but

not proved.—*Foster v. Stoddard,* 1 Black. (U. S.). 506; *Grosholz v. Newman,* 21 Wall. 481.

In equity, as well as at law, the failure to prove the case as alleged makes a fatal variance, which defeats relief.—*Williams v. Hatch,* 38 Ala. 338; *Elyton Co. v. Iron City Co.,* 109 Ala. 602; *Alston v. Marshall,* 112 Ala. 641; *Hamaker v. Hamaker,* 84 Ala. 331.

. The bill in this case bases the right to relief primarily upon the allegation that the erection of the columns would be a public nuisance. This is the foundation stone of his case, because if there is no public nuisance, the case must fail. The allegation as to the nuisance being public is that Commerce street is of uniform width and that the appellant proposes to erect columns which would extend twenty-six inches beyond the building or property line of said street. In order to sustain his case at all, he must prove substantially this basal fact.

"Unless the evidence is full, clear and convincing, the court will not take upon itself to decide, without an issue at law, that a nuisance in fact exists."—*Ogletree v. McQuaggs,* 67 Ala. 580.

In this case the several grounds of special injury are stated as a separate and distinct ground of relief and are all stated conjunctively and should all be proved to permit any relief.—*Highland A. & B. Co. v. Dusenberry,* 94 Ala. 417; *Smith v. Causey,* 28 Ala. 655; *Louisville v. Johnson,* 79 Ala. 436; *Bienville Water Co. v. Mobile,* 125 Ala. 183; *So. Ry. Co. v. Howell,* 34 South. 6; *Armstrong v. Mtg. St. Ry. Co.,* 123 Ala. 246.

This rule is applicable in equity also.

The case of *Shelby v. Tardy,* 84 Ala. 327, is not opposed to these views. The cases of *Farris v. Dudley,* 78 Ala. and *Micou v. Noble,* 81 Ala., are not applicable here. On the facts made by the bill, we contend 1st, that the complainant has no right which is interfered with. 2nd, that even if complainant had the right to light, air or view from the part of the street in front of defendant's building, he has no right to more than is reasonably necessary for the enjoyment of the use of his own premises. 3rd, That it is a physical impossibility for the columns to interfere with the light, air or view at the point where they are erected. The bill cannot be maintained to prevent

.future, speculative anticipated injury.—*St. James Church v. Arrington,* 36 Ala. 546; *Kingsbury v. Flowers,* 65 Ala. 484.

It must be remembered that the appellee and appellant are adjacent proprietors on the same street. Neither has the right to light, air or view over the land of the other.—*Ray v. Lynes,* 10 Ala. 63; *Ward v. Neal,* 37 Ala. 501; *Graves v. Smith,* 87 Ala. 450; *Dill v. Board of Education,* 10 L. R. A. 276; *Douglass v. Montgomery,* 118 Ala. 599; *1st National Bank v. Tyson,* 133 Ala. 459; High on Injunctions, § 774.

"So as to the obstruction in a public street, if it does not practically affect the use or enjoyment of neighboring property and thereby *impair its value,* no action will lie.—*City of Chicago v. Union Bldg. Asso.,* 102 Ill. 391; *Rea v. Longstreet,* 54 Ala. 21; *Silvia v. North,* 9 Ch. Ap. C. 705; *Whaley v. Wilson,* 112 Ala. 631.

What difference then can it make, if some part of the Tyson building is cut off from the view of persons coming up Commerce street, if that fact does not injure the value of the Tyson building? This is not a question of sentiment, but of injury alleged and failed to be proved. The complainant has failed in his duty as to the burden of proof.

"To constitute a nuisance there must be real and sensible damage, having regard to the situation and use of the property injured."—*Scott v. Firth,* 4 F. & F., 349. *Pinckney v. Ewens,* 4 L. S. (N. S.) 741.

O. C. MANOR, for appellee.—Fully recognizing the well known rule that the *allegata* and *probata* must correspond in all cases, we say that we have complied substantially with the rule in this case.

"The chief, if not only purpose, of the rule requiring certainty in description is identity."—*Farris & McCurdy v. Dudley,* 78 Ala. 124.

"When a bill truly sets forth sufficient facts to entitle complainants to relief, the pleader may or may not at his option aver additional, cumulative facts which only intensify, without varying the principle of relief claimed."—*Noble v. Moses,* 81 Ala. 530; 1 Beach's Mod. Eq. Prac. Sec. 96; *Hicks v. Silliman,* 93 Ill. 255.

[First National Bank of Montgomery v. Tyson.]

In the last case cited the court said: "The variance here complained of consists in the fact that complainants did not prove the injury to the full extent charged. There is no rule of law requiring this to be done. Where a part only of the allegations are proved, and the part thus proved shows a right of action, the plaintiff will be entitled to recover *pro tanto.*"

"The same precision of statement that is required in pleadings at law has never been attained in bills in equity."—1 Beach Mod. Eq. Prac. Sec. 95; *Ransom v. Geer*, 30 N. J. Eq. 549; *Cornelius v. Halsey*, 11 N. J. Eq. 27.

The sole object of the bill was to restrain a nuisance and the defendant could not have been misled by the allegations. All that is required of complainant is to prove that he would be deprived of one of the rights alleged in the bill and this he has done conclusively in proving that his right of view would be cut off.

If the rights alleged in the bill could not be separated and were dependent upon each other, then it would be necessary to prove all together. "But where the variance does not affect the merits or is not with respect to something material to the rights of the parties, it is not fatal when the bill can be sustained on other grounds." 22 Enc. Plead. and Prac. 532; *Eldridge v. Turner*, 11 Ala. 1049.

"No more will be required than that the plaintiff shall not set up a new case not made by the bill, and an immaterial variance is not fatal."—10 Enc. Plead. and Prac. 1095.

See also the case of *Hill v. Lenormand*, 16 Pac. Rep. 266, in which the evidence showed that the defendants appropriated a less amount of water than was alleged in the bill. The court said: "It is well settled that courts of equity are not bound by the exact measure of relief asked."

"An unlawful deprivation of a substantial legal right necessarily implies injury to the party so deprived." *Castello v. State*, 108 Ala. 45.

But the appellant, by counsel, argues that notwithstanding the fact that the appellant's view will be cut off by the erection of the columns, he is not injured

[First National Bank of Montgomery v. Tyson.]

thereby, because he has no right which is interfered
with. He thus tries to make this court take back the de-
cision formerly. rendered in this case, 133 Ala. 459,
and the decision rendered in *Douglas v. City Council*,
118 Ala. 599, which said cases clearly establish the ease-
ment of view in a public street and in a public park. In
the face of these decisions, he insists that complainant
has no easement of view in Commerce street, and in sup-
port of his contention he cites a long line of cases which
merely hold that there can be no easment of view or pros-
pect over land owned and controlled exclusively by an-
other. The proposition is too absurd to deserve notice,
but we will simply call the court's attention to the cases
cited in support of appellant's contention.

The case of *Roberts v. McCord*, 1 Moody & Robinson's
Reports, 230, was not a case involving the obstruction of
a public street, but merely the question of ancient lights.
And so with *Alred's Case*, 9 Coke 58. The case of *Butt
v. Imperial Gas Co.*, 2 Ch. App. 157, was a case where
defendant was constructing a gasometer on its *own land
owned and controlled by it and not subject to any eas-
ment*. The complainant objected, and the court held that
there could be no easment in view over the lands of an-
other.—19 Ency. of Law, 2nd Ed. p. 121, cites in support
of the proposition quoted some of the same English cases.

Counsel for appellant further tries to make this court
adopt the two maxims *"Dammum absque injuria,"* and
*"De minimis lex non curat,"* as being applicable to this
case. But we will endeavor to show that neither maxim
has any application to the case at bar, and even if they
did, that the evidence shows sufficient injury to over-
come them.

In the first place these maxims are not applied to nui-
sances or other unlawful things. They are applied when
the injury done is authorized by law. The rule is well
stated in *Rigney v. City of Chicago*, 102 Ill. 64. The
court said: "There are certain injuries which are nec
essarily incident to the ownership of property in towns or
cities, which directly impair the value of private prop-
erty, which the law does not, and never has, afforded any
relief. For instance, the building of a jail, police station,
or the like, will generally cause a direct depreciation in

[First National Bank of Montgomery v. Tyson.]

value of neighboring property, yet it is clearly a case of "*damnum absque injuria.*" See also *City of Chicago v. Union Building Association,* 102 Ill. 379.

It is unnecessary to cite a long line of authorities to show that the thing complained of in this case is *per se* a nuisance. And in cases of this kind, even when no actual damage can be proved, the court will award an injunction when the nuisance is a continuous one.—*Bank v. Tyson,* 133 Ala. 459; Elliott on Roads and Streets, § 665; Wood on Nuisances, Sec. Ed. § 778.

DENSON, J.—A. P. Tyson and the First National Bank of Montgomery owned adjacent lots on the east side of Commerce street, in the city of Montgomery. Tyson's lot was designated as No. 12, and that of the bank as No. 14. Each of the lots abutted the street on its east side. Tyson's lot was south of the bank's lot, and on it he had a three-story brick building. The bank proposed to erect on its lot a six-story building of brick and stone, with four stone columns in front of the building which would project onto the sidewalk from 22 to 26 inches from the building line of the street. Tyson filed the bill in this case to enjoin the bank from erecting the columns, upon the ground that the same, if erected, would be a public nuisance, which would result in special injury to him as an adjacent property owner, in a way different from the injury that would result from the nuisance to the public. A temporary injunction was granted. The defendant answered the bill, incorporating in its answer a demurrer to the bill, filed three special pleas, and moved to discharge and dissolve the injunction. From a decree of the chancellor overruling the demurrer and the motion to discharge and dissolve the injunction, and sustaining exceptions to the special pleas, an appeal was prosecuted by the bank to this court. On that appeal the decree of the chancellor was in all things affirmed in an opinion handed down by Mr. Justice HARALSON. We refer to the report of the case as it appears in 133 Ala. at page 459, 32 South. at page 144, 59 L. R. A. 399, 91 Am. St. Rep. 46, for a full statement of the pleadings.

The averments of the bill with respect of the injury to the defendant is as follows: "That said encroachment

upon said highway is a public nuisance, not only infringing on the rights of the commonwealth of Alabama, but, if same are completed and placed in position as now contemplated by the First National Bank, said encroachment will greatly damage your orator beyond that which is common to the public generally, by injuring and depreciating the value of your orator's property, and by destroying the symmetry of your orator's building along the highway, which is valuable, and by obstructing the light, air, and view necessarily ensuing therefrom, and by depreciating the value of your orator's property, in that the view of persons going south along said highway north of your orator's building, will be shut off from your orator's building. Your orator further avers that the tenants now in said building are valuable tenants, and your orator is desirous of keeping them as tenants, but some of them have informed the orator that if said stone columns encroach on said highway, or any part of said building of said the First National Bank encroaches on said highway, they will no longer remain tenants of your orator." Upon the return of the case to the city court much evidence was taken on both sides, and on the final hearing of the cause on the pleadings and proof the chancellor, on the 4th day of January, 1904, rendered a decree perpetually enjoining the defendant from erecting the stone columns in front of its building. From the decree the defendant has appealed.

The right to relief in the case rests primarily upon the allegation in the bill that the erection of the stone columns on the street or sidewalk would be a public nuisance. Without repeating the evidence, we think it reasonably established the fact that the columns, which were 22 inches in diameter at the bottom and tapering to 18 inches at the top, resting on bases 24 inches in diameter and extending upwards the height of the first story, would, when erected, extend beyond the building line of the street 22 to 26 inches. Commerce street is conceded to be a public highway, acquired by dedication. "Public highways belong, from side to side and end to end, to the public. There is no such thing as a rightful, private, permanent use of a public highway. If one person can

30

permanently use the highway for his private business purposes, so may all. Once the right is granted, there can be no distinction made, no line drawn. All persons may build their shops, exhibit and sell their wares, within the boundaries of the public highway. There is no right in any person to permanently appropriate to private use any part of a public street or sidewalk. The person who uses a public highway commits an indictable public nuisance, notwithstanding it may be so used with the permission of the municipal authorities."—*Costello's Case,* 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; *Douglass v. City Council of Montgomery,* 118 Ala. 599, 24 South. 745, 43 L. R. A. 376; *First National Bank v. Tyson,* 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; *State v. Berdetta,* 38 Am. Rep. 117; *Callanan v. Gilman,* (N. Y.) 1 Am. St. Rep. 840; *Van. Witsen v. Gutman,* 79 Md. 405, 29 Atl. 608, 24 L. R. A. 403, 406; *State v. Kean,* 69 N. H. 122, 45 Atl. 256, 48 L. R. A. 102. So it was held on the former appeal in this cause "that the erection of the proposed pillars by defendant in front of its building on the street, and which are to extend, as admitted, 22 inches beyond the west line of said building onto the sidewalk, is a public nuisance, to abate which the public might maintain a bill."—*First Nat. Bank v. Tyson, supra.*

It is well-settled law that an individual who has sustained any particular special injury, over and above that sustained by the public generally, as the direct result of a public nuisance, may maintain a bill to enjoin it.—*Tyson's Case, supra; Cabbell v. Williams,* 127 Ala. 320, 28 South. 405; *Mayor v. Rodgers,* 10 Ala. 36. It may be conceded that the evidence failed to show any special injury to the complainant, except with respect to the easment of view or prospect. The chancellor in his opinion seems to have taken this view of the case. He decreed a perpetual injunction against the erection of the columns of the defendant on the ground stated in his opinion, that the complainant's right of view was interrupted. On the former appeal, as on this one, the appellant denied the complainant's right to view, except to that part of the street immediately in front of his property. This contention is bottomed upon the theory that as an abutting owner de-

fendant held the fee to the middle of the street out from his lot. Notwithstanding the ultimate fee may be vested in the bank in its lot to the center of the street, it is subject to the public easment, and this confers on the complainant, as owner of abutting, adjacent property, the right to prevent or redress an obstruction or perversion of the street to the private uses of the defendant inconsistent with the rights of the public, where special injury would result to him.—*Evans v. S. & W. Ry. Co.*, 90 Ala. on page 58, 7 South. at page 759. The contention might be, and doubtless would be, tenable as between adjacent property owners of private property, where the view insisted on was across private property; but it is entirely inconsistent with the fundamental idea of a street, that it is not only public, but public in all its parts, not only for the movement of men and things on it, but the easment of light, air, and view.—2 Dillon on Municipal Corp. (2nd Ed.) § 541. The cases cited by appellant's counsel relate to private property. But, as touching this question, it is deemed unnecessary to reopen the discussion. We held on the former appeal, in substance, "that an easement of view from every part of a public street, like the easement of light and air, is a valuable right of which the owner of a building on the street, should not be deprived by an encroachment on the highway by an adjacent proprietor; that the right of view or prospect is one implied, like other rights, from the dedication of the street to public use." And, repeating here a part of the opinion of the chancellor: "It seems to be a valuable right appurtenant to the ownership of land abutting on the highway, and to stand upon the same footing as to reason, with the easment of motion, light and air, and to be inferior to them only in point of convenience or necessity, and that the interference with it is inconsistent with the public right acquired by dedication."—*First Nat. Bank v. Tyson, supra.*

After a careful consideration, we have discovered no reason for departing from the law as it was ruled on the former appeal. With respect to the easement of view we concur with the chancellor that it was established. The evidence showed that the columns, when erected by the defendant, would extend 22 to 26 inches beyond the build-

ing line of the street onto the sidewalk. This fact being established, it is manifest that complainant's view would be obstructed, and, as stated in the opinion of the chancellor, "this in turn necessarily imparts special injury to the complainant." It may be conceded for argument's sake that no actual damage was proved; but, as was said by us on the former appeal, quoting approvingly from Elliott on Roads: "And the fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere in cases where the nuisance is a continuous one."—*Tyson's Case, supra;* Elliott on Roads & Streets, § 665; *Ogletree v. McQuaggs,* 67 Ala. 580, 42 Am. Rep. 112; *Dennis v. M. & M. Ry. Co.,* 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69. As was said by the Supreme Court of Indiana, "the existence of a permanent obstruction in a highway is clearly such an unlawful act as injures the citizens who are lot owners on the street, and who have a right, as an essential incident to the enjoyment of their property, to have the street maintained its full width, free from all obstructions of a permanent character. This is such a right as may be vindicated either by injunction or by indictment, and its violation is established by proof of a permanent encroachment upon the street."—*State v. Berdetta,* 73 Ind. 185, 38 Am. Rep. 117; *Pettis v. Johnson,* 56 Ind. 139; *Smith v. State,* 23 N. J. Law, 712; Wood on Nuisance, § 252; *Costello's Case,* 108 Ala. at top of page 49, 18 South. at page 821, 35 L. R. A. 303.

It is obvious that, if complainant's right of view will be obstructed by the erection of the columns as a permanent obstruction on the street, this would be a particular, special injury, over and above that sustained by the public generally, as the direct result of such obstruction. Either the right of view by a person from his building, or his right to have the sidewalk remain free of permanent obstructions, so that his building may be in view of pedestrians on the sidewalk, is a substantial, legal right, and an unlawful deprivation of a substantial legal right necessarily implies injury to the party so deprived. We have not lost sight of the additional brief filed by counsel for appellant on the question of right of view; but we

think what has been said in this opinion, together with the opinion on the former appeal, is an answer to it. Moreover, the right of view is not rested alone on the right of the complainant to have the highway remain unobstructed, so that people going south may have a view of this building, but also upon the right of view from the building.

It is insisted that there was a material and fatal variance between the case as pleaded and the proof, in that the bill averred several grounds of special damages or injury to the complainant, while the proof showed that only one ground was sustained. The basic fact alleged in the bill as constituting the complainant's right to relief was the public nuisance which the defendant proposed to maintain on the street. Confessedly to entitle the complainant to relief, he must allege and prove special injury to him over and above that suffered by the public in general. This averment of special injury, it is obvious, was an averment of the results which flowed, or would flow, from the act of which the complainant complained, and not the act itself. The pleader averred one cause, but several results which flowed from that cause, and which intensified, without varying, the relief claimed. The cause was proved, but only one of the averred results was proved, is the insistence. The cases cited by the appellant in support of its insistence are cases at law in which the complainant charged that several acts of negligence were concurrent co-operating causes, and that all of them together contributed to the alleged injury, and cases where pleas were filed in answer to the complaint set up different defenses in the conjunctive form.—*Highland Avenue & B. R. o. v. Dusenberry*, 94 Ala. 416, 417, 10 South. 274; *Bienville Water Co. v. City of Mobile*, 125 Ala. 183, 27 South. 781. We think the case at bar, on this point, falls directly within the rule, laid down in the case of *Nobles v. Moses Bros.*, 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175, that, "when a bill sets forth sufficient facts to entitle a compalinant to relief, the pleader may or may not, at his option, aver additional cumulative facts, which only intensify, without varying, the principle of relief claimed. The issue upon which the court granted relief was explicitly set

[Andrews v. Frierson, *et al.*]

forth in the bill, and both sides submitted evidence upon it. Certainly it cannot be said that the appellant was not apprised of the issue upon which the decree was based. If not, then why should relief be withheld because all the special injury alleged may not have been proved?" *Moore v. Crawford,* 130 U. S. 122, 9 Sup. Ct. 447, 32 L. Ed. 878.

After due consideration of the whole case on the pleadings and the proof, we are of the opinion that the city court property granted the relief to the complainant, and its decree will be affirmed.

Affirmed.

DOWDELL, SIMPSON and ANDERSON, JJ., concur.