# Birmingham Ry. L. & P. Co *v.* Moran.

*Bill to Enjoin the Closing and Obstructing of an Alley.*

(Decided May 30, 1907.   44 So. Rep. 152.)

*Nuisance; Public Nuisance; Injunction; Special Damages.*— Their damages being distinct from the public generally, the owners of lots abutting upon an alley way, which gave communication from the rear of their lots to certain streets were entitled to enjoin a railway company which had, without authority of law, closed up one end of the alley by a fence and gate, and built tracks in said alley and placed other obstructions therein, the same constituting a public nuisance.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Mabel Moran and others against the Birmingham Railway, Light & Power Company, to enjoin the closing and obstruction of an alley way in the rear of their property, and to open the same. From a decree for complainants, respondents appeal. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellants. —In order for a private citizen to maintain a bill to enjoin the commission of a public nuisance he must show material and irreparable damage, which is special and · peculiar to himself, and not suffered by him in common with the public at large.—Pom. Eq. Jur. (3rd Ed.) § 1349, et seq.; *First National Bank v. Tyson*, 133 Ala. 459. Upon the points of access and egress, and damages

to their property, this case is similar to *Dennis v. M. & Ry. Co.,* 137 Ala. 649. An electric railway is not per se a nuisance, private.—*Baker v. Selma S. & S. Ry. Co.,* 135 Ala. 552.

CALDWELL & CARMICHAEL, for appellees.—The acts complained of are clearly a nuisance, causing special damages to complainants different from that suffered by the public at large.—*First Nat. Bank v. Tyson,* 133 Ala. 459, s. c. 144 Ala. 457.

SIMPSON, J.—The bill in this case was filed by the appellees (complainants) against appellant, alleging ownership of certain lots in Birmingham by complainants, back of which there is an alley, which alley it is claimed has been obstructed by the building and operation of a railroad thereon, and by the building of a fence and gate across it, thus inclosing said alley. It also makes other allegations about obstructing said alley by allowing cars to stand thereon, and also by leaving accumulations of coal thereon, so as to completely obstruct it. From the descriptions of the obstructions it appears that, while the alley is left clear and unobstructed immeditely in the rear of complainants' lots, with an outlet eastwardly on Fourteenth street, yet from the northwest corner of complainants' lots westwardly to Thirteenth street said alley is obstructed and practically closed. The bill also alleges that no right or franchise has been granted by the city of Birmingham to respondent to erect and maintain a railroad on said alley, or to place the other named obstructions thereon, and that said city has no power to grant any such rights.

It is settled law that a railroad, constructed and operated on the streets and alleys of a city without authority of law, constitutes a public nuisance, as does also

the erection of a fence and gate across any such street or alley. It is also settled law that a public nuisance may be abated or enjoined by an individual property owner, who suffers injury thereby of a special nature, separate and distinct from that which the public generally sustains.—27 Am. & Eng. Ency. Law (2d Ed.) 176; Elliott on Roads & Streets, p. 500; *L. & N. R. R. v. Mobile, J. & K. C. R. R.*, 124 Ala. 162, 166, 26 South. 895; *Weiss, et al. v. Taylor, et al.*, 144 Ala. 440, 466, 39 South. 519. The appellant does not controvert the above propositions, but insists that the bill, in this case does not show that the complainants suffer such special and irreparable damage, distinct from that which the public generally suffers, as to entitle them to injunctive relief.

In the case of *Dennis v. Mobile & Montgomery Railway Co., et al.*, 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69, the complainant's lot was 600 feet from the Union Depot and the warehouse access to and egress from Lee street and complainant's lot was (is) afforded, not only by way of the private streets which defendant agreed with the city council to keep open along the warehouse, but by way of Tallapoosa street and its connections. Injunctive relief was denied, on the ground that the damage or inconvenience suffered by the complainant was such as was suffered by the public in general, and because, if any special damage was suffered, an action at law would furnish an adequate remedy. In the case of *Baker, et al. v. Selma Street Railway Co.*, 135 Ala. 552, 33 South. 685, 93 Am. St. Rep. 42, the street railroad, which was complained of, was built under authority of law, and was declared not to be a nuisance. In the case of *Dougless v. City Council of Montgomery*, 118 Ala. 599, 24 South. 745, 43 S. R. A. 376, it was held that one whose home was 110 feet from a park was an "adjacent proprietor" and could maintain a bill

to enjoin the diversion of it to other uses. Again it was held by this court that an adjacent proprietor could have injunctive relief to prevent the erection of pillars projecting 22 inches on the sidewalk as part of an adjacent building, which it was claimed interrupted the view to and from complainant's building; and the court said (quoting the opinion of another court) that the rights of property-owners to streets are, "first, a right of access from the abutting property, and a passage to and from over it in all its extent; and, second, a right of light air, prospect, and ventilation."—*First Nat. Bank v. Tyson,* 133 Ala. 459, 477, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46;; Id., 144 Ala. 457, 39 South. 560.

As has been shown, while the obstruction of the alley in the present case does not close it in the immediate rear of complainants' lots, and they still have access to Fourteenth street, yet the obstruction is at the corner of their lots, and cuts off entirely their communication through the alley with Thirteenth street. If it was an obstruction of some other block, leaving them still in the use of the streets and alleys adjacent to them, there might be reason for saying that the inconvenience or damage suffered by them was not different from that suffered by the public generally. Yet, being situated as it is, it is necessarily a nuisance which affects their property particularly, and the chancellor held that the bill made out a case for relief.

The decree of the court is affirmed.

Tyson, C. J., and Haralson and Denson, JJ., concur.