# Cassimus *v.* Levystein.

### *Bill to Abate a Nuisance.*

(Decided April 4, 1912. 58 South. 280.)

1. *Municipal Corporation; Public Nuisance; Acts Constituting.*—A fruit stand erected and maintained on a public sidewalk is a public nuisance when it obstructs the street.

2. *Same; Private Nuisance; Special Injury.*—Where a fruit stand is maintained on a public sidewalk in such a way as to be a public nuisance, and is adjacent to the store of complainant, and obstructs the free ingress and egress to and from his store as to him his employees and customers, complainant may sue to abate the nuisance as he suffers an injury different in kind and degree, from that suffered by the general public.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Ike Levystein against Alex Cassimus to abate a nuisance. Decree for complainant and respondent appeals. Affirmed.

LETCHER, MCCORD & HAROLD, for appellant. The bill shows no special injury sustained by appellee, so as to entitle him to maintain the present bill.—29 Cyc. 1213, 1220. The mere fact that an act is prohibited by law does not render the doing of such an act a nuisance.— 29 Cyc.. 1163, 1165. As to the injunctive feature see *McHan v. McMurray,* 55 South. 792 and cases cited.

STEINER, CRUM & WEIL, for appellee. The obstruction constituted a nuisance.—*Costello v. State,* 108 Ala. 45. The allegation and proof sufficiently showed a public nuisance causing complainant special injury different in kind and degree from that suffered by the general public.—*First Nat. Bank v. Tyson,* 133 Ala. 459; s. c. 144 Ala. 457; *B. R. L. & P. Co. v. Moran,* 151 Ala. 187.

DOWDELL, C. J.—This is a bill to abate a nuisance. The alleged nuisance is particularly described in the bill; the same being a fruit stand erected and maintained by the respondent on the sidewalk of a public street in the city of Montgomery, and obstructing said street. That such is a public nuisance there can be no doubt.— *Costello v. State,* 108 Ala. 45, 18 South. 820, 35 L. R. A. 303.

The bill further shows the dimensions of the fruit stand and the purposes for which it is maintained and used, and further charges that the same is on the street adjacent to complainant's property, and along the side-

walk and against the wall of the complainant's store-house, in which he carries on a "gent's furnishing business." The bill avers that the alleged nuisance is an obstruction to the free ingress and egress of complainant's store by complainant, his employees, and his customers. That this is an injury special and peculiar to the complainant, different from that suffered by the general public, by reason of the alleged nuisance, we think there can be no question. The bill alleges other matters as special injury to the complainant, but we need not comment on them. That the bill contains equity we have no doubt.—*First National Bank v. Tyson,* 144 Ala. 457, 39 South. 460, s. c., 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; *Birmingham Railway, Light & Power Co. v. Moran,* 151 Ala. 187, 44 South. 152, 125 Am. St. Rep. 21.

The cause was submitted for final decree on the bill and decree pro confesso rendered against the respondent, and a final decree was rendered awarding the relief prayed; and it is from this decree that the present appeal is prosecuted. The rendition of this decree is the only error assigned. We fail to see that any error was committed, and the decree will be affirmed.

Affirmed.

SIMPSON, ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.