# Sloss-Sheffield S. & I. Co. v. McLaughlin.

## Bill to Enjoin and Abate Nuisance.

(Decided April 17, 1913. 62 South. 96.)

1. *Equity; Bill; Multifariousness.*—The original and amended bill considered, and it is held that both the original and amended bill sought the same relief, the abatement of a nuisance, and the amendment only sought additional relief to which complainant was entitled under the same facts pleaded in the original bill, and hence, the amendment did not render the bill multifarious.

2. *Same; Amendment.*—A bill may be amended before final decree setting up new matter or new claims entitling the complainant to additional or different relief, if not repugnant or inconsistent to the prayer, and purpose of the original bill, so long as it does not operate as an entire change of parties, make a new case, or work a radical departure from the case made by the original bill.

(Mayfield, J., dissents.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mary McLaughlin against the Sloss-Sheffield Steel & Iron Company to enjoin the obstruction of a highway, and to abate a nuisance. From a decree overruling demurrer to the bill as amended respondents appeal. Affirmed.

TILLMAN, BRADLEY & MORROW, for appellant. After the decision of this court in the case of *Sloss-S. S. & I. Co. v. McLaughlin,* 173 Ala. 76, and after the answer filed and testimony taken, complainant amended her bill over the objection and protest of respondent, and it is insisted that the amendment attempted to inject into the bill a new equity, which not only rendered the bill multifarious, but also permitted an amendment which was a departure from the original bill.—*Ward v. Patton,* 75 Ala. 207; *Ray v. Womble,* 56 Ala. 32; sec.

3095, Code 1907; *Pitts v. Powlege,* 56 Ala. 147; *Penn v. Spence,* 54 Ala. 35; *Rapier v. Gulf C. P. Co.,* 69 Ala. 476; *Bolman v. Lobman,* 74 Ala. 507. The manufacture of pig iron is a lawful business and it is not, therefore, a nuisance per se either to operate a furnace or to dispose of slag as alleged in the bill or amendment.—29 Cyc. 1156, et seq.; *Kinney v. Koopman,* 116 Ala. 318; *Baker v. Selma Ry.,* 135 Ala. 552.

GEORGE HUDDLESTON, for appellee. The bill is modeled after the bill in *Sloss-S. S. & I. Co. v. Johnson,* 147 Ala. 384. After the decision of this court upholding the bill and reported in 173 Ala. 76, the Legislature passed the so-called Viaduct Bill.—Acts 1911, p. 372, and the amendment was made to meet conditions brought about by said act. The amendment did not work a departure within the purview of section 3095, Code 1907.—*Dewey v. Ala. Wes. Ry.,* 57 South. 424, and authorities supra; *Ala. T. Co. v. Hall,* 152 Ala. 262. The amendment did not render the bill multifarious.— Sec. 3095, Code 1907; *Cogburn v. Broughton,* 9 Ala. 351; *Truss v. Miller,* 116 Ala. 494. Counsel discuss the equities of the bill and the right of plaintiff to maintain it, and in support thereof cite *Ogletree v. Mc-Quaggs,* 67 Ala. 580, and authorities supra.

DE GRAFFENRIED, J.—(1) The original bill was filed for the purpose of enjoining the obstruction of public highways and to abate a nuisance. The complainant, in her original bill, alleged that the obstruction of the highways and the maintenance of the nuisance constituted a *material* injury to certain of her *real estate,* which was situated on or near said highways, and which real estate was materially depreciated in value on account of the maintenance of such nui-

sance. The alleged *injury to her real estate* on account of the obstruction of the highways and the maintenance of the nuisance *constituted* the *basis* of her claim, in her original bill, for equitable relief, and was *the* allegation which gave equity to her bill. This is the effect of the decision of this court on the former appeal.— *Sloss-Sheffield Steel & Iron Co. v. McLaughlin,* 173 Ala. 76, 55 South. 522.

The following allegations of the original bill of complaint give a clear and succinct statement of the grounds—the *only* grounds—upon which the complainant, in her original bill, sought the interposition of a court of equity: "Complainant alleges that by reason of the obstruction of said portions of said avenues, and by reason of the more circuitous route therefrom necessary to be taken to approach her property, the value of her property is greatly impaired and injured, and she suffers thereby a special and particular damage, beyond that suffered by the public in general, by the obstruction of said portions of said avenues; and the complainant alleges that the respondent is maintaining a public nuisance in said portions of said avenues, and is excluding therefrom and from the use thereof all other persons than its own agents or employees. Complainant alleges that said obstruction is being maintained by said company with full knowledge and notice of the fact that said avenues were theretofore dedicated to the public as and for public streets and highways, and that the said obstruction and the exclusion of all persons therefrom, who have a right by reason of said dedication, will be continued and maintained by said respondent, unless restrained by this honorable court; and that the respondent will not abate or remove said nuisance, unless compelled thereunto by this honorable court. Complainant alleges that the respondent is using said por-

tions of said highways, as hereinabove alleged, for its own exclusive benefit and convenience, in disregard of the rights of the public, and in disregard of the rights of complainant as the owner of property in the vicinity of said obstruction."

This court, in the above-cited case, held that the original bill contained equity and was not subject to demurrer.

It appears that the respondent, the Sloss-Sheffield Steel & Iron Company, owns all of the land in the city of Birmingham which is bounded as follows: On the east by Thirty-Second street, on the south by First avenue, and on the north and west by the right of way of the South & North Alabama Railroad. This piece of land is triangular in shape, and through it, running east and west, are Second and Third avenues. The complainant's lands lie immediately east of the above lands, having as their *western* boundary said Thirty-Second street, and their southern boundary said First avenue. Second and Third avenues also run through complainant's property. Upon complainant's lands are a large number of residences.

It seems that the respondent has on its land, or other lands near it, a furnace, and it has for many years been using the above-described lands, which belong to it, as a place upon which to dump its slag. This slag has been and is being dumped, not only on the respondent's own land, but in the streets and avenues running through that land, and the slag so deposited is in one continuous heap or pile from First avenue, the southern boundary of the land, to the South & North railroad right of way, its northern boundary. Complainant's lands and houses are immediately across the street (Thirty-Second street) west of said slag pile. In throwing fresh slag upon the slag pile, dust and steam are created,

which are blown across the street onto complainant's premises, thus creating annoyance and discomfort to her tenants, and the slag pile not only inconveniences the tenants of complainant in the use of the street and avenue in which the slag has been dumped, but also obstructs the view from complainant's property down those streets.

The complainant has amended her bill by alleging the above facts, and by praying, not only that the respondent be required to remove from the said public highways all substances which it may have deposited therein, which was, in substance, the relief she sought in her original bill, but also that respondent "may be enjoined from placing upon said property, shaded black in Exhibit A, any dust or other substance which may be blown upon said Thirty-Second street, or complainant's property bounded thereby, and be offensive to persons thereon, and from placing any substance thereon from which any fumes, vapors, or odors or heat may emanate which will be offensive to persons on said street or said property, and from placing any substance within the public highways traversing said property, shaded black, which may obstruct the sight or view of the business district of Birmingham of persons on said Thirty-Second street or complainant's said property," etc.

It appears from the original bill and the bill as amended that Second and Third avenue (two of the avenues which, according to complainant, are obstructed by the slag pile) are crossed by the right of way of the South & North Railroad. At the point under discussion these avenues run east and west, and the railroad right of way runs across them in a northerly and southerly direction. In the original bill it is alleged that these avenues run *across* the right of way, and that

the spaces occupied by them in crossing said right of way had been dedicated to the public. In the bill as amended this allegation has been omitted, and, taking the allegations of the bill as amended most strongly against the pleader, it may be conceded that these avenues extend up to each side of the right of way, but that no crossing over the railroad right of way at either avenue has been dedicated to the public. In other words, that a man going down Second avenue would, when he reached the railroad right of way, in order to get directly into the same avenue on the *other side* of the right of way, have to walk or drive across a part of the right of way of the railroad company not *dedicated* to the public.

In her original bill the complainant averred a special injury to her property, because the slag in Second and Third avenues obstructed those avenues and prevented free access into the city of Birmingham, which is across the right of way from her property.

The argument of the appellant is that, as no right is shown, by the allegations of the amended bill, in the public to cross the railroad right of way on Second and Third avenues, the essential averment which gave equity to the original bill is stricken from the bill as amended.

We do not think that this argument is well founded. That which gave equity to complainant's original bill was the allegation that in *maintaining a slag pile in and across certain named streets and avenues* situated near and contiguous to complainant's real estate *free access* to complainant's real estate was being *unlawfully impeded,* thereby causing complainant a *special* and *peculiar* damage different in kind from that suffered by the general public, in the decrease in the value of her property. The situation of her property with reference to said streets and avenues—its contiguity to said streets

and avenues and to the slag pile—is fully shown in the original bill. The fact that the slag pile is a public nuisance causing complainant *special* and *peculiar* damage in her property, differing not only in *degree,* but in *kind,* from that suffered by the general public, is also shown in the original bill. In the bill as amended the same facts are shown, although the bill as amended may not, by its averments, show *all* the damage to complainant's lands from the maintenance of the nuisance which is shown in the original bill. The bill as amended may not show the same *degree* of special injury, in so far as the obstruction of the avenues and streets is concerned, but it does show the same *character* of special injury. If a suit was brought for damages for personal injuries, and the plaintiff alleged in his complaint that his injuries had caused him to lose the sight of *both* of his eyes, and if, after the suit was brought, the plaintiff *regained* the use of one of his eyes, then, if the complaint was amended so as to meet the real facts, the amended complaint would not be a declaration upon a *new* cause of action, but would be a declaration upon the same cause of action set up in the original complaint.

(4) The bill as amended sets up—and this is an allegation *not* found in the original bill—that the slag pile not only materially interferes with the free access to complainant's land, but that it also interferes with the view down Second and Third avenues from her property. In other words, that the occupants of her property, when they look down these avenues where the view should, under the law, be unobstructed, have before their eyes an unsightly slag pile cutting off or interfering with the further view down those avenues, and that *for this reason* her property is materially and specially injured. The purpose of the original bill and the amended bill is the same, viz., to abate the nuisance created by ob-

structing the avenues with slag, and the *obstruction* to *complainant's* view is but *another* reason advanced, but *another* fact set up, as indicative of the necessity to complainant that the nuisance shall be abated.—*First Nat. Bank v. Tyson,* 144 Ala. 457, 39 South. 560; *First Nat. Bank v. Tyson,* 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46.

(5) It appears from the allegations of the bill as amended that the complainant, having become involved with the respondent in litigation about the nuisance which it has created by obstructing the streets and avenues to which we have above referred, and which, as stated she alleges has caused a material and special injury to her in the depreciation of the value of her property, desires, in this suit to settle *all* matters of controversy, which are of equitable cognizance, between her and respondent, which grow out of the maintenance of the slag pile by respondent in the streets and avenues and on its own land near or contiguous to complainant's property. In other words, the complainant, in her amended bill, *for the first time,* alleges as we have already in substance said, that "large quantities of fine dust and other substances deposited by defendant on said pile are carried by the winds into Thirty-Second street, between First and Third avenues, and into and upon complainant's buildings fronting on Thirty-Second street, to the great discomfort of persons on said street and premises, and that when the molten waste is dumped upon the said pile, and at other times, offensive and unhealthful fumes, gases, and odors emanate therefrom and pervades and enter upon said part of Thirty-Second street and complainant's buildings and premises fronting therein, and when such molten waste is placed thereon by defendant great heat, which is unhealthful, uncomfortable, and unpleasant, is caused to pervade

said parts of Thirty-Second street and complainant's said buildings and premises fronting thereon, so that because of the said obstruction of view, dust, fumes, gases, odors, and heat persons are deterred from passing along said street, the tenants of complainant's said buildings fronting thereon are made uncomfortable, said buildings rendered less desirable as tenements, less readily rentable as such, and the rental value thereof depreciated and the materials thereof injured, and the paint thereon more rapidly destroyed and the same made to appear dirty and discolored, and that the said dust, heat, fumes, and odors reach complainant's property across the said public street, and that thereby persons are deterred from traveling upon same, so that the fuller development and enhancement of complainant's said property is prevented."

Complainant prays, in her bill as amended, for the first time, as we have already said, that the respondent be enjoined from placing upon its own property near or contiguous to complainant's property any substance which may cause dust, fumes, vapors, or heat to be blown upon her property. This part of the prayer of the bill is predicated, of course, upon the allegation that such dust, fumes, vapors, or heat so created and blown upon her property are a nuisance, which causes to complainant a peculiar and special damage, different in kind from that suffered by the general public, in the depreciation of the value of her property caused thereby.

"A bill is not multifarious which seeks *alternative* or inconsistent relief growing out of the same *subject-matter,* or founded on the same contract or transaction, or relating to the same property between the same parties." —Code 1907, § 3095.

When a bill is, and when a bill is not, multifarious, is frequently one of the most difficult questions which a

court of equity is called upon to determine. We do not think that, if the original bill had been originally filed as it now exists in its amended shape, the respondent would contend that the bill, even if the above-quoted statute was not in existence, was multifarious. The bill as amended simply seeks to abate a *public nuisance* from which complainant suffers a special injury, differing in kind from that suffered by the general public, in that her real estate is depreciated in value by the maintenance of such public nuisance. The bill as amended simply tells why the slag pile, as maintained by respondent, is a public nuisance, and how complainant's injuries therefrom differ in kind from those of the general public, and why complainant's property is materially injured thereby, and prays for an abatement of the nuisance. All of the matters set up in the bill as amended grow out of *one thing,* viz., the maintenance by respondent of a slag pile on its premises and in the avenues and streets of the city of Birmingham contiguous to or near complainant's lands. The prayer of the bill as amended is for the *abatement* of the nuisance created by the maintenance of the slag pile. The bill as amended is not multifarious.—*Truss v. Miller,* 116 Ala. 494, 22 South. 863.

(6) "Before final decree the amendment of the bill is a matter of right. The limitations upon its exercise are that it shall not operate an entire change of parties, nor make a new case, nor work a *radical departure* from the cause of action stated in the original bill. *New matter* or *new claims* may be introduced, entitling complainant to additional or different relief from that specially prayed in the original bill, if it is not repugnant to the prayer and purpose" of the original bill.—*Ingraham v. Foster,* 31 Ala. 132; *Prickett v. Sibert,* 75 Ala. 315; *Seals v. Pheiffer,* 81 Ala. 518, 1 South. 267; *Fite v. Ken-*

*namer,* 90 Ala. 470, 7 South. 920; *Alabama Terminal Co. v. Hall,* 152 Ala. 262, 44 South. 592.

There is nothing in the proposition that the case made by the bill as amended is a departure from the case made by the original bill.

After a careful consideration of this record we have arrived at the conclusion that the bill as amended was not subject to the respondent's demurrer.

The decree of the court below is therefore affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting, and MAYFIELD, J., dissenting.