# Alabama Terminal R. R. Co. v. Crawford.

## *Maintaining Nuisance.*

(Decided February 5, 1914. 64 South. 650.)

1. *Nuisance; Private; Special Damages.*—Where a railroad company erected a structure across the block on which plaintiff's residence was situated, and across the street upon which it abuts in such proximity as to render the residence less desirable and to cut off light and air, there is such a special injury to plaintiff's property as to entitle him to recover, his injury being different in kind and degree from that suffered by the general public.

2. *Same; Structures in Streets; Consent.*—Where a railroad company erected a structure in a street on which plaintiff's property abutted, plaintiff was entitled to recover the special damages resulting to his property although the company had acquired the right to make use of the street.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. GWIN.

Action by J. T. Crawford against the Alabama Terminal Railroad Company for damages for maintaining a structure on the block and across the street on which his residence was situated. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, E. L. ALL, and THOMAS T. HUEY, for appellant. The court erred in over-

[Alabama Terminal R. R. Co. v. Crawford.]

ruling the demurrer to the first count of the complaint. —*B. R. L. & P. Co. v. Moran*, 151 Ala. 187; *Cochran v. Purser*, 152 Ala. 354; *Sloss-Sheffield v. Johnson*, 147 Ala. 384; *Weiss v. Taylor*, 144 Ala. 440. Section 235 of the Constitution does not dispense with the averment and proof of injury different in kind and degree from that sustained by the public at large.—*Crawford v. A. B. & A.*, 48 South. 366; *Hall v. A. B. & A.*, 48 South. 365; *So. Ry. v. Albes*, 45 South. 234; *Jackson v. Birm. Found. Co.*, 45 South. 600.

ESTES, JONES & WELCH, for appellee. The complaint sufficiently showed special injury and damage to defendant different in kind and degree from that suffered by the public at large.—*Duy v. Ala. Wes. Ry.*, 57 South. 724; 18 L. R. A. (N. S.) 268; 84 N. W. 688; 66 N. E. 711. This is especially true under our Constitution providing that private property shall not be taken, injured or destroyed for public uses without just compensation being made.—27 Am. St. Rep. 399; 9 L. R. A. 298; 24 N. E. 78; 80 Am. St. Rep. 362; 17 S. W. 620; 55 S. E. 198; *H. A. & B. v. Matthews*, 92 Ala. 24. It is no defense that the municipality had granted the railroad the use of its streets.—27 L. Ed. U. S. 739.

WALKER, P. J.—Each of the counts of the complaint as amended contains averments to the effect that described structures erected by the defendant through the block of which plaintiff's residence lot is a part, and across a street upon which that lot abuts, and in proximity thereto, interfere with the means of access to the lot, render it less desirable as a place of residence, cut off the view and light and air from it, and in other specified ways render that lot and the residence on it less desirable and less valuable. We think that each of the

counts discloses that such an injury was caused to the plaintiff's property by the structures mentioned as to entitle him to maintain an action at law to recover damages therefor.—*Highland Avenue & Belt R. Co. v. Matthews*, 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; *Birmingham Ry., L. & P. Co. v. Moran*, 151 Ala. 187, 44 South. 152, 125 Am. St. Rep. 21; *Mobile & Montgomery Ry. Co. v. Alabama Midland Ry. Co.*, 116 Ala. 51, 61, 23 South. 57. The averments show that the structures mentioned caused special damage to the plaintiff by injuring his property and depreciating the value of it, different in kind from that suffered by the general public in consequence of the obstruction of the highway.—21 Am. & Eng. Ency. of Law (2d Ed.) 714.

Whether or not the defendant had acquired the right to make use of the street and of the land upon which the structures were erected, it was liable to the plaintiff for special damage to his property thereby caused. Neither of the counts has the faults which are imputed to it in the argument made in support of the contention that the demurrer to it should have been sustained. No other question is presented for review.

Affirmed.