# Highland Avenue & Belt Railroad Co. *v.* Matthews *et al.*

### *Action for Damages Caused by Construction of Railroad Embankment.*

1. *Injuries to abutting property by building railroad in street; when action lies.*—When a corporation, authorized by its charter to build a railroad along certain streets, has, in the construction of its railroad, injured property abutting on such streets, without first paying compensation for such injury, an action at law will lie for the redress of such wrong.

2. *Same; measure of damages.*—The measure of damages for such an injury caused to abutting property is the difference in the market value of the property before and after the act complained of;

[Highland Avenue and Belt R. R. Co. v. Matthews et al.]

and the amount of the damage, so ascertained, can not be diminished by the fact that property along the line of the railroad appreciated in value, or was generally benefitted by its construction.

3. *Same; demurrer to complaint.*—In an action to recover such damages, a demurrer to a complaint, which states a good cause of action, is not the proper mode of evoking a decision of the court as to the rule to govern in the admeasurement of damage for the injury alleged.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellees against the appellant, and sought to recover damages for injuries caused to plaintiffs' lot, by the construction by defendant of an embankment, for the track of a railroad, along the avenue on which the lot in question abutted. To the complaint as amended the defendant demurred upon the ground, among others, that the plaintiffs can not recover damages for permanent injury to the land, in this form of action. This demurrer was overruled. The tendency of the evidence is sufficiently shown in the opinion.

The court, at the request of the plaintiffs, gave the following written charges : (1.) "The rule by which the damages are to be estimated in this case is the difference between the market value of the property, immediately before the taking or injury, and such value, immediately after the taking or injury, caused by the construction of the railroad—in other words, the diminution in value at the time produced thereby." (2.) "Market value is the price which the property will bring when offered for sale in the market, not at a forced sale on short notice, but after such reasonable time as would be ordinarily taken to make a sale of like property. It is the highest price which at such sale those having the ability and the occasion to buy are willing to pay." (3.) "If the jury are reasonably satisfied that the overflow of water on plaintiffs' property is increased by the embankment erected by the defendant for its railroad, then this is a circumstance to be considered by you in estimating any damage to the market value of the plaintiffs' property." (4.) "Plaintiffs are entitled to just compensation for all injury done to plaintiffs' property by the construction of defendant's railroad on the embankment in front of the property, and the fact that property along the line of defendant's railroad appreciated in value generally, or was generally benefitted by the construction of the railroad, can not be considered by you to diminish, or as a set-off to any special damage that you may find to have been done to plaintiffs' property, resulting in a reduction of its market value by the construction of defend-

ant's railroad." The defendant separately excepted to the giving of each of these charges; and also separately excepted to the court's refusal to give to the jury each of the following written charges: (1.) "That the plaintiffs are not entitled to recover as damages the difference between the value of the property before the construction of the railroad, and the value thereof after such construction." (2.) "That the cost of filling the lot up to the level of the railroad is not the measure of damages in this case, and the jury can not consider such cost in estimating damages." (3.) "That in estimating damages, the jury can not consider the permanent injuries, if any, which the plaintiffs have sustained by reason of the construction of the railroad in Avenue E, in front of the plaintiffs' lot."

There was, on the first trial, judgment for the plaintiff in the sum of $750.00. Upon the court's granting a new trial, from the rulings in which the present appeal is prosecuted, there was judgment for $1,000.00. The defendant prosecutes this appeal, and assigns as error the rulings of the court upon the pleadings and charges.

ALEX. T. LONDON, for appellant.

CHISHOLM & WHALEY, contra.

WALKER, J.—This was an action to recover damages caused to the plaintiffs' lot near the city of Birmingham by the construction of an embankment for the track of the defendant's railroad in the street or highway upon which the lot abutted. It was alleged in the complaint, and there was evidence tending to show, that the defendant is a corporation clothed with the right to call into exercise the power of eminent domain, and authorized by its charter to build its railroad along the street or highway in question, and that, without the consent of the plaintiffs, and without making them compensation, it built its railroad upon a fill or embankment made in front of the plaintiffs' lot, and thereby obstructed the ingress and egress to and from such lot, and otherwise injured it. The averments and proof show that a corporation invested with the privilege of taking private property for public use has, in the construction of its works, injured such property, without first paying compensation for such injury. This constitutes a violation of the rights secured by Section 7 of Article XIV of the Constitution of Alabama. For the redress of such a wrong an action at law lies. The jurisdiction of a court of equity to prevent the

[Highland Avenue and Belt R. R. Co. v. Matthews et al.]

commission of such a wrong is not based upon the absence or inadequacy of legal remedies for the recovery of damages for the wrong when it has been consummated. The recognized equitable remedies may find support upon either of two grounds: 1st. Upon the special jurisdiction of courts of equity to confine corporations to the exercise of the powers conferred upon them by law; and 2d, upon the inadequacy of legal remedies to protect the constitutional right in its entirety, courts of law being unable to compel the payment of compensation to the property owner *before* his property is taken, injured or destroyed.—*Columbus & Western Rwy. Co. v. Withcrow,* 82 Ala. 190; *East & West R. R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 275. The property owner, however, may fail to avail himself of the preventive equitable remedies, and rely upon his action at law, for the redress of the wrong after it has been committed. If his land has been taken without his consent, and without having been duly acquired by comdemnation proceedings, he can maintain ejectment for its recovery,—*Hooper v. Columbus & Western Rwy. Co.,* 78 Ala. 213; *New Orleans & S. R. R. Co. v. Jones,* 68 Ala. 48. If his property has not been so taken, but has been injured by the construction of the defendant's works, he may sue at law to recover damages for such injury.—*Jones v. N. O. & S. R. R. Co.,* 70 Ala. 227. Such actions have been maintained in this court without question, and we are unable to discover any reasonable ground upon which the right to maintain them can be controverted. *Ala. Mid. Rwy. Co. v. Coskry,* 92 Ala. 255; 9 So. Rep. 202; *Ala. Mid. Rwy. Co. v. Williams,* 92 Ala. 277; 9 So. Rep. 203; *Evans v. Savannah & Western Rwy. Co.,* 90 Ala. 54; *City Council of Montgomery v. Townsend,* 80 Ala. 489; *City Council of Montgomery v. Maddox,* 89 Ala. 181. The property owner may waive former condemnation proceedings, and yet recover such damages as he may suffer in his property by reason of the building of the railroad upon or near it.—*Little Rock & F. S. R. R. Co. v. McGehee,* 41 Ark. 202; 20 Am. & Eng. R. R. Cas. 82; *United States v. Great Falls Mfg. Co.,* 112 U. S. 645; *Cohen v. St. Louis &c. R. R. Co.,* 22 Am. & Eng. R. R. Cas. 116. A claim in the complaint of damages which the plaintiffs are not entitled to recover in this action does not impair the right to maintain the suit. A demurrer to a complaint, which states a good cause of action, is not the proper mode of evoking a decision of the court as to the rule to govern in the admeasurement of damages for the injury alleged.—*Kennon v. Western Union Tel. Co.,* 92 Ala. 399; 9 So. Rep. 20; *Carl v. Sheboygan &c. R. R.*

*Co.*, 46 Wis. 625. There was no error in overruling the demurrers to the complaint.

The principal contention in the case is upon the rulings of the trial court on the question of the measure of damages. The appellant insists, that the plaintiffs could not be entitled to recover prospective damages, that they were treating the obstruction complained of as a nuisance, and that in an action for the injury caused thereby their recovery could not go beyond the damages sustained prior to the commencement of the suit. In the Alabama cases against municipal corporations, the measure of damages for injury caused to abutting property, by changes in the grades of streets or sidewalks, has been stated to be the difference in the market value of the property before and after the act complained of.—*City Council of Montgomery v. Maddox*, 89 Ala. 181; *City Council of Montgomery v. Townsend*, 80 Ala. 489. The appellant contends that those authorities are not applicable here. It is true, that the rule contended for by the appellant is supported by the decisions in several states. In *Uline v. N. Y. C. & H. R. R. Co.*, 101 N. Y. 98; 53 Am. Rep. 123, the suit was by an abutting owner to recover damages sustained from the construction of a railway in the street fronting his premises; and after a full consideration of the question of the measure of damages, it was held that the plaintiff could recover only temporary damages, that is, such damages as had been sustained up to the commencement of the action. This ruling has been adhered to in later cases arising in that court, and some other courts have reached similar conclusions.—*Carl v. Sheboygan &c. R. R. Co.*, 46 Wis. 625; 6 Am. & Eng. Encyc. of Law, 595, note 4. There are evidences in the later New York cases that that court has not remained satisfied with the decision in the *Uline Case*. The inconveniences which have been developed in the attempts to adhere to that ruling have, however, been obviated, in a great measure, by encouraging such shifts. as permitting damages for permanent injury to property to be assessed in such cases, if the defendant failed to invoke the benefit of the decision against the propriety of this course, thus allowing the rule as to the measure of damages to be determined by the acquiescence of the parties, rather than by the law; or, by allowing a judgment for past loss of rentals, and, in the same case, granting an injunction restraining the further operation and maintenance of the road, unless the defendant paid a certain sum equal to the amount of depreciation in the value of the property, as for a permanent appropriation.—*Pond v. Metropolitan Elevated Rwy.*

[Highland Avenue and Belt R. R. Co. v. Matthews et al.]   ·

*Co.*, 112 N. Y. 186 ; 8 Am. St. Rep. 734 ; 3 Sedgwick on Damages, (8th Ed.), 465–476, where there is a review and criticism of the New York cases. The principal reasons suggested for limiting the recovery in a case like this one to the damages sustained up to the commencement of the suit are: 1st. That when the defendant has paid the permanent damages it should have a clear title to the property taken, and such title can not be acquired as ·a result of a judgment against it in an action for trespass or for a nuisance ; and 2d, that the person injured by a nuisance may have it abated, and it would be unjust to allow the plaintiff to recover damages for the permanent injury caused to his property by the nuisance, and still retain the right to bring subsequent actions for damages caused by a continuance of the nuisance, and also the right to have the nuisance itself abated at any time. The first of these reasons can have no weight on this case. The counsel for the plaintiffs expressly waived the right to recover compensation for the property which was taken by the defendant. The claim was for damages for the injury to the lot abutting on the street where the obstruction was made. The plaintiffs' entire claim would be satisfied by the payment of damages. If the defendant had had those damages assessed in condemnation proceedings, it would have acquired no title to the injured property. It is no objection to a judgment for the whole damages in this case that the defendant does not thereby get title to property which it has not taken and which it does not seek to acquire. When compensation has been made to the plaintiffs for the injury to their property, they can no longer disturb the defendant on that account. The other reason suggested implies that the obstruction complained of must be treated as an abatable nuisance. It was not so treated in this case. There is nothing in the complaint or in the evidence to indicate that the embankment or fill was constructed otherwise than as the defendant would have been authorized to construct it, if the damages occasioned thereby to the plaintiffs' property had been first assessed and paid. If the injury was such that final compensation therefor could have been made in condemnation proceedings, its character was not changed by the fact that such proceedings were not resorted to. There is no magic in such proceedings to compel a resort thereto in order to obtain an assessment of damages for an injury, the full damages for which, in any other proceeding, would be regarded as legally unascertainable, or as incapable of recovery. Damages which can be assessed in condemnation proceedings can be assessed just

[Highland Avenue and Belt R. R. Co. v. Matthews et al.]

as well in an ordinary action at law. It is not perceived why the payment of the damages, awarded on a formal condemnation, could be any more effectual to prevent the maintenance of subsequent suits by the property owner, than would the payment of a judgment of a court of law for damages for exactly the same injury. The grievance of the plaintiffs is that they have not been paid for the injury caused to their lot. That claim can be fully satisfied by payment of a judgment for damages. There is nothing to indicate that the maintenance in its present condition of the structure erected by the defendant in front of the plaintiffs' lot will furnish them with any legal cause of complaint after they shall have been paid for the injury to their property. The plaintiffs' entire cause of action can be disposed of just as effectually in this suit as in any other form of proceeding. If the structure in question is of a permanent character, its existence and continuance in its present condition constitute but one wrong. Future and past damages on account of it are attributable to but one cause. To allow successive suits for the recovery of such damages in parts would amount to giving several causes of action for a single tort. This would be in violation of the principle that fresh damage, without fresh injury, does not authorize a second or subsequent action. That cases like the present one come within this principle is the generally accepted view. The New York rule of damages recoverable at law has not prevailed in analogous cases decided in other jurisdictions. *New York Elevated R. R. Co. v. Fifth Nat. Bank*, 135 U. S. 432. In *O'Brien v. Penn. S. V. R. R. Co.*, 119 Pa. St. 184, the action was for damages to property caused by excavations made along the street upon which the property abutted. It was held that the injury was single and indivisible, and that the damages could not be severed. In *Fowle v. New Haven & N. Co.*, 112 Mass., 334, it was held that the plaintiff could recover for prospective, as well as past, injury caused by the construction of a road-bed in such a manner as unnecessarily to turn the current of a stream against his land and wash away his soil. In *Chicago & E. I. R. R. Co. v. Loeb*, 118 Ill., 203, it was decided that, for taking or injuring land by the permanent structures of a railroad, there should be but one response in damages.

The reasonable rule on the subject, and the one which is maintained by the preponderance of the authorities, is, that, where permanent structures are erected so as to cause a depreciation in value of adjacent or contiguous reality, the injured party may, and therefore must, recover compensa-

[Rogers v. Brooks.]

tion in one action for the entire loss; 1 Sedgwick on Damages, (8th Ed.), § 95; 5 Am. & Eng. Encyc. of Law, 20; *Indianapolis B. & W. Rwy. Co. v. Eberle*, 110 Ind. 542; *City of North Vernon v. Voegler*, 103 Ind. 314; s. c. 53 Am. Rep. 134; *Troy v. Cheshire R. R. Co.*, 23 N. H. 83; and that the damages in such a case are to be measured by the depreciation in the market value of the property caused by the structure in question.—3 Sedgwick on Damages, 414. The result is that the rule as to the measure of damages which has been stated in Alabama cases against municipal corporations for similar injuries to property is equally applicable here. The charges given by the trial court on the question of the measure of damages are in harmony with the rule above announced. The charges upon that subject which were requested by the defendant, and refused by the court, were to the effect that prospective damages were to be excluded. As the evidence tended to show that the obstruction complained of is of a permanent character, causing permanent injury to plaintiffs' lot, those charges were properly refused.

The rulings of the court involving other questions, though assigned as errors, were not insisted upon in the argument for the appellant, and, for that reason, will not be considered.

Affirmed.