[Adair v. Stovall.]

# Adair *v.* Stovall.

## *Trover.*

(Decided Nov. 15, 1906.  42 So. Rep. 596.)

1. *Sales; Contract.*—Where plaintiff agreed to sell defendant wagons at a stipulated price of $80.00, and defendant paid him one dollar to bind the trade, and stated that he would be up on a certain day and pay the balance, and without paying the balance, came up and took the wagons, the presumption being, in the absence of proof that plaintiff agreed to sell for any thing but cash, that the sale was for cash, no sale was made passing the title to the buyer, and the seller could recover of the buyer in trover for a conversion of the wagons.

2. *Appeal; Harmless Error; Admission of Evidence.*—Where the remaining evidence without conflict supports the judgment, it is harmless error to admit irrelevant evidence.

APPEAL from Walker Law and Equity Court.

Heard before HON. T. L. SOWELL.

Action by J. C. Stovall against J. E. Adair for conversion of wagons. Judgment for plaintiff. Defendant appeals.

During the examination of the plaintiff as a witness, he was asked, "What did defendant do and say when he came to your house?" Objection was interposed to this question on the ground that it was immaterial. This was overruled. The witness answered: "Defendant was drunk. He came staggering into my room, and handed me a note that I had given to S. J. Childers, and said something to me about taking this in payment for the wagons. He also said something about paying me $10 or $15." Defendant moved to exclude this answer, and the court overruled the motion. The action of the court is made the basis of the assignment of error noted in the opinion.

J. D. ACUFF, for appellant.—If the payment of the price is waived there is a sale.—*Shines v. Steiner,* 76

30

[Adair v. Stovall.]

Ala. 458; *Harmon v. Goetter*, 87 Ala. 328; *Neal v. Boggan*, 97 Ala. 611; 1 Benjamen on Sales, pp. 338-357. The case of *Drake v. Scott*, 136 Ala. 261, is differentiated from the case at bar by the facts.

D. A. McGREGOR, for appellee.—One cannot resort to the methods disclosed in this case to get possession of the property converted without paying for it.—*Shines v. Steiner*, 76 Ala. 458; *Harmon v. Goetter*, 87 Ala. 325; *Drake v. Scott*, 136 Ala. 261. There is no merit in the objection to testimony.—118 Ala. 246.

HARALSON, J.—Suit was instituted by J. C. Stovall against J. E. Adair, for the conversion by him of two wagons, and was tried by the court without a jury. —Acts 1900-1901, p. 107.

The proof shows that plaintiff had two wagons at Kilgore's livery stable in Jasper. He and defendant met at that stable. Plaintiff told defendant that he was in need of money, and offered to sell him these wagons. The price for them was agreed at $80. The defendant handed plaintiff $1, as he deposed, to bind the trade, and they both testified—the plaintiff, that defendant said he would be up "next Tuesday and pay the balance," and defendant, that he "would be up next Tuesday to settle." The plaintiff testified, that he told the defendant that the title to the wagons would not pass to him until they had been paid for. This the defendant denied. The wagons were, by the terms of the agreement, to be delivered to said Kilgore, who already had them in his possession.

It was shown, that defendant assumed possession of the wagons, without plaintiff's knowledge, and without paying for them, and sold one of them to Kilgore, and plaintiff, learning that he had taken the wagons, told defendant, whom he saw soon afterwards, that he wanted either the money or the wagons. The proof tended to show, that after this, defendant offered plaintiff a note which plaintiff had executed to one S. J. Childers, and fifteen dollars in further payment for the wagons, which plaintiff refused to accept, and defendant then

[Adair v. Stovall.]

said, that "if he got either he would have to sue me (him) for them."

The question in the case is, was there a sale of the wagons by plaintiff to defendant, that passed the title to the latter. "Whether a given contract is one of sale which passes the property, is one of construction to be determined by the court as a matter of law. The burden of proof is upon the party affirming a sale."—24 Am. & Eng. Ency. Law (2d Ed.) 1048. The proof shows, we think, that the sale was for cash, and not on a credit. The defendant paid $1 of the purchase price and said he would come up the following Tuesday to pay the balance. The plaintiff swore positively, that the title was to remain in him until the wagons were paid for. "A sale of chattels is presumed to have been made for cash, unless some credit is agreed on, and the purchaser cannot demand a delivery of the goods without making payment."—*Robbins v. Harrison,* 31 Ala. 160; 24 Am. & Eng. Ency. Law (2d Ed.) 1095.

In this case, the proof shows that plaintiff never agreed to sell the property for anything but money and nothing was disclosed to him about Childer's note, and the defendant, on whom the burden rested, failed to show that the sale was on a credit. It also fails to show that plaintiff delivered the wagons to defendant or to any one for him; and altogether, there was lacking that mutuality of agreement between the parties, to make the transaction between them a sale. The proof tends most strongly to support the plaintiff's theory of the case, and that defendant has failed in the defense set up.

If the admission of the evidence complained of by defendant, was irrelevant, it was without injury, since the remaining evidence without conflict supports the judgment.—*First National Bank of Talladega v. Chaffin,* 118 Ala. 246, 24 South. 80.

We find no error in the record, and the judgment is affirmed.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.