[Meighan v. Birmingham Terminal Company.]

# Meighan *v*. Birmingham Terminal Company.

*Damage to Land by Closing Way.*

(Decided Feb. 3, 1910.   51 South. 775 )

1. *Appeal and Error; Recovery by Appellant; Matters Reviewable.*
Where a party recovers substantial damages he can complain on appeal only of those rulings affecting the measure of damages as recoverable.

2. *Damages; Punitive Damages; Theory of Recovery.*—Punitive damages are not recoverable as a matter of right, but rest within the jury's discretion to be administered in the interest of the state as a warning to other wrong doers, and the state may remit by statute such damages.

3. *Same; Survival; Death of Wrong Doer.*—Where a defendant wrong doer dies before trial and the action survives against his personal representative, nothing more than compensatory damages can be alleged.

4. *Same; Release by Statute.*—Where the grade of a street was changed and other changes made therein by a terminal company enlarging the depot and constructing approaches thereto under an ordinance vacating the street which was void because not enacted under express legislative authority, and the obstruction and changes were no more than was reasonably necessary for serving the public, and the carriers using the depot, and the work was done without insult or aggravation to an abutting owner, the enactment of a statute after the injury was inflicted but before the trial was had vacating the streets which had been actually closed in the erection of the depot under the void ordinance, took away from the abutting owner any right to punitive damages.

5. *Appeal and Error; Harmless Error; Instructions.*—Where the action was against a terminal company for damages to property by closing an access to a street by placing an obstruction therein, a charge asserting that the mere fact that the obstruction was not authorized when placed in the street cannot avail plaintiff as a claim for damages under the facts in this case, went to plaintiff's right of recovery, and not to his measure of damages, and as plaintiff recovered substantial damages, the giving of such charge was harmless error.

6. *Damages; Mitigation; Benefit.*—If property was improved more than it was damaged by an obstruction of the street on which it was situated, the owner is not entitled to recover any damages on account of the obstruction.

7. *Charge of Court; Misleading Instructions; Duty to Correct.*—Where charges are merely misleading, it is the duty of the adversary party to request explanatory charges, and if he fails to do so he cannot complain on appeal.

[Meighan v. Birmingham Terminal Company.]

8. *Same; Construction.*—Charges must be construed in connection with the evidence.

9 *Same; Ignoring Evidence.*—Where the evidence showed or tended to show that plaintiff's access to or from his property was injuriously affected by an obstruction for which he was entitled to recover, it was error to charge that he was not entitled to damages therefor.

10. *Same; Weight of Evidence.*—A charge asserting that if the jury considered that plaintiff was entitled to some damages under the evidence, the verdict must be limited to that sum which the evidence reasonably shows him to have sustained, did not, by the use of the word, some, have the effect of minimizing plaintiff's testimony to establish his damages.

11. *Evidence; Opinion; Market Value.*—The opinion of witnesses as to the market value of property should be weighed by the jury in the light of the other evidence and regard should be had to the opportunity of the witness to know the value, as well as the reasonableness of their opinion.

12. *Municipal Corporations; Obstructing Streets; Damages; Instruction.*—Where the action was for damages for obstructing and closing a street, thus shutting off access to and from plaintiff's property. the only questions involved were matters of utility, and not to the beautiful as a means of producing pleasure, and hence, an instruction that no aesthetic or unreasonable desire of plaintiff for convenience of way should be permitted to give him a right of access beyond that essential to a fairly convenient way was defective and inappropriate.

13. *Same.*—A charge asserting that the law does not guarantee that plaintiff's right of way along the street should remain without change, and that alterations or obstructions could be made under legal authority if a reasonable means of access to plaintiff's property was left; also that an abutting owner was not necessarily entitled to have the street maintained as a continuously opened thoroughfare if he was left a right of access to and from the property by some convenient way, were calculated to mislead and confuse the jury, where the action was for damages to property by closing access to a street in one direction and there was evidence tending to show that the value of plaintiff's property was materially affected by having the street closed.

14. *Same; Nuisance.*—The closing of a street in one direction without authority of law was a nuisance to property owners abutting thereon.

15. *Same; Rights of Abutting Owner.*—Where a property owner has right of access to a certain street which contributed materially to the value of his property, any injury to his property by an obstruction in the street which shut off such right of access should be considered in assessing damages caused by the obstruction, if it materially impaired the value of the property, although the street on which the property was situated was left open in the other direction.

16. *Same; Measure of Damages.*—A property owner's measure of damages for the closing of access to a street in one direction is the permanent injury to his lot as the net proximate result of the obstruction viewed in connection with the improvements.

[Meighan v. Birmingham Terminal Company.]

17. *Same.*—The proper measure of damages in this case is the difference between the market value of the property before and after the erection of the obstruction; a temporary inflation of land values in that locality occurring when it was learned that a depot would be constructed there, but which ceased when it was discovered that the improvement would permanently close the street could not be properly considered in assessing damages.

18. *Same; Evidence.*—Where the action was for damages to property on an avenue between 26th and 27th streets, by closing the avenue in the direction of 27th street, and there was evidence that the avenue was traveled in the direction of 27th street before it was closed, it was proper, for the purpose of determining the amount of damages to the property to permit a question whether if the avenue was open across 27th street, the value of the property would be affected as compared with its value with the avenue closed.

19. *Same.*—In an action for damages to property by closing a street in one direction, a question was properly excluded as speculative which endeavored to ascertain whether property did not frequently change from use as residence to business property.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by J. M. Meighan against the Birmingham Terminal Company. From a judgment for plaintiff, he appeals on the ground of inadequacy of damages. Reversed and remanded.

The case made by the complainant is: That the plaintiff was owner of a certain lot in the city of Birmingham, on Sixth avenue, which is particularly described, and that defendant within a year obstructed or caused to be obstructed. Sixth avenue, immediately next to where plaintiff's lot abuts thereon, and that on account of such obstruction the lot is rendered less accessible, less desirable as a place of residence, and less desirable as real estate. The tendencies of the testimony are sufficiently set out in the opinion.

The following charges were given at the request of the defendant: (2) "The law does not guarantee that the plaintiff's way to and from his property along Sixth avenue should remain the same, without change or diminution. Alterations may be made or obstructions cre-

ated in that avenue under legal authority, and plain-
tiff could not complain, provided a reasonable means
of getting to and from his property is left to him." (3)
"The erection of the embankment across Sixth avenue,
under the circumstances and issues of this case, was and
is not a nuisance, for which special damages may be re-
covered by the plaintiff." (4) "If the jury should con-
sider that the plaintiff was entitled to some damages
under the evidence, their verdict must be limited to that
amount of damages which the evidence reasonably sat-
isfies the jury the plaintiff has sustained, and nothing
can be added thereto, to reimburse the plaintiff for law-
yer's fees and other costs of this lawsuit." (5) "An
abutting owner is not necessarily entitled to have the
thoroughfare on which his lot abuts maintained as a
continuously opened thoroughfare, provided his private
right of access to and from his property is left by some
reasonably convenient way. The law does not guaran-
tee the continuance of the way as it was dedicated, but
only that the owner shall not be prevented from getting
into and out of his property by some reasonably con-
venient way." (6) "The mere fact, if it be a fact, that
the obstruction of the street was not authorized by law
at the time it was erected, under the circumstances of
this case, and under the averments of each count of the
complaint, cannot avail the plaintiff as a claim for dam-
ages." (7) "An abutting owner is not necessarily dam-
aged as a matter of law, where only one way to and from
his property is vacated or closed by authority of law.
He is not legally damaged if some reasonably conven-
ient way in and out is left for him, and affording him
reasonable connection with other thoroughfares." (8)
"If you believe from the evidence that the plaintiff's
property has been improved more than it has been dam-
aged by the defendant's work complained of, when con-

sidered in connection with the whole improvement, you should find for the defendant." (9) "Plaintiff's damage, if any, is the permanent damage done to his lot, as the net proximate result of the defendant's obstruction complained of, viewed in connection with the depot improvements of defendant, of which that structure is an incident." (10) "The opinions of witnesses as to the market value of property should be weighed by the jury in the light of other evidence, and the opportunity of the witnesses to know such value, and the reasonableness or unreasonableness of their estimate of such value. The jury are not bound to take any man's opinion of such value, but may act on their own judgment and good sense in arriving at a just value, in the light of the whole evidence." (11) Set out in the opinion. (12) "The Legislature, or the city, if authorized by the Legislature, may abolish or abandon a dedicated street, or may refuse or fail to open up and maintain a dedicated street; and hence, in a suit of this kind, no damages can be claimed, based exclusively on the doing away with a part of the avenue or the discontinuance of it."

Plaintiff's recovery was $500.

FRANK S. WHITE & SONS, and R. P. McNALLY, for appellant. By the use of the word, aesthetic, the charge was rendered inappropriate. It should also have been predicated upon an unobstructed and reasonable as well as a convenient way.—*Jackson v. Bir. F. & M. Co.*, 45 South. 662. The city was without authority to vacate the street at the time it was vacated.—*State ex rel. v. L. & N. R. R. Co.*, 48 South. 391; *Douglass v. Montgomery*, 118 Ala. 599; *Webb v. Demopolis*, 95 Ala. 116; 15 A. & E. Ency. of Law, 1064; 17 Id. 417. The court erred in giving charge 2 requested by defendant.—Authorities supra. The court erred in giving charge 3.—*Johnson v.*

*S. S. S. & I. Co.*, 41 South. 907; *Jackson v. Bir. F. & M. Co. supra;* Elliott on Roads & Streets, sec. 644. Counsel discuss other assignments of error relative to other charges and cites authority cited supra The question to Thompson as to the value of the property was competent.—*H. A. & B. v. Matthews,*, 92 Ala. 24; Mills on Eminent Domain, Sec. 165. The question to the witness Moulton should have been admitted.—*Jackson v. Bir. F. & M. Co., supra.* It was good even as opinion evidence.—Elliot on Roads & Streets, sec. 866. Counsel discuss other assignments of error relative to evidence, but without further citation of authority.

JAMES WEATHERLY, for appellee. The difference between the cause of action here stated and that complaining of a temporary injury, is clearly set forth in *S. S. S. & I. Co. v. Mitchell,* 49 South. 851. The street was legally closed.—Local Acts 1907, 468. The plaintiff obtained substantial damages and therefore can complain of nothing except the questions affecting the measure of damages.—*Donovan v. S. & N. R. R. Co.,* 79 Ala. 429. Charge 1 was properly given.—*Jackson v. Bir. F. & M. Co.,* 45 South. 660. The court properly gave the affirmative charge as to count 2.—*H. A. & B. R. R. Co. v. Wynn,* 93 Ala. 306. The ordinance authorized the closing of the street, and hence, the obstruction did not constitute a public nuisance.—*State ex rel. v. L. & N.,* 48 South. 291; *Crofford v. A. B. & A.,* 48 South. 366. The legislative act was a confirmation or ratification of the ordinances of the city.—*State v. L. & N., supra; Penn v. Green B. Co.,* 18 How. 421. When the avenue became vacated the fee was disburdened of the easement invested in the defendant.—*Western Ry. Co. v. Ala. Ry.,* 96 Ala. 272; Elliot on Roads & Streets, secs. 222-4, and 726 In any event the alleyway was in such a condition

as that the city was at liberty to abandon or discontinue it.—*Southern Ry. v. Albes,* 45 South. 334; *McCain v. The State,* 62 Ala. 138. Counsel discuss other assignments of error relative to charges, and in addition to the authority above cited, cite.—*H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 24; *Eutaw v. Botnick,* 43 South. 739; 129 N. Y. 578; Lewis on Eminent Domain, secs. 134, 324, 325-6. Counsel discuss assignments of error relative to the evidence, but cites no authority in support thereof.

SAYRE, J.—Appellant having recovered a substantial judgment in the court below, he can complain on this appeal only of those rulings which affected the proper measure of his recoverable damages.—*Donovan v. S. & N. Ala. R. R. Co.,* 79 Ala. 429.

The second count of the complaint was a repetition in substance of the allegations of the other counts, except that it alleges the acts complained of to have been done in part wantonly and illegally, and in another part wantonly and willfully. As to this count the court gave the general affirmative charge in favor of the defendant. The other counts were submitted to the jury and upon them the plaintiff had a recovery. The affirmation of harmful error in the ruling as to the second count must, therefore, rest upon the theory that under the evidence it was open to the jury to assess exemplary or punitory damages as for wanton and willful wrong in the construction of the works which caused his injury. Defendant's general purpose was the erection of a union passenger railway station in the city of Birmingham, with approaches thereto, the whole covering several blocks and the intervening streets and avenues. This it was authorized to do under its charter. Plaintiff's lot was situated on the north side of Sixth avenue between Twenty-Sixth and Twenty-Seventh streets about 200 feet west from Twenty-Seventh street. Defendant owned the

[Meighan v. Birmingham Terminal Company.]

entire block on the opposite side of the avenue and that part of the block in which plaintiff's lot was located lying between that lot and Twenty-Seventh street. A wall was built across the avenue in line with the eastern boundary of plaintiff's property completely stopping travel along that avenue. The account of what else defendant did in Sixth avenue is not entirely clear, but we gather that on the side opposite to plaintiff's premises it constructed an inclined driveway leading from the original level of the avenue to the elevated surface beyond the wall. The purpose of this was to furnish access to that part of the terminal station used for the receipt and delivery of parcels shipped by express. This change reduced that part of the avenue available for travel on its original grade, and not obstructed by the wall across the street, to a width of 43 feet. The sidewalk immediately in front of plaintiff's premises was not disturbed. There is no pretense that the changes made in the streets, avenues, and alleys of the city, a number of which were involved, were in excess of the necessary and appropriate completion of the general design of serving the convenience of the public and the carriers who were expected to make use of the terminal station. The defendant, without doubt, acted under the authority and in accordance with the direction of the constituted municipal authorities. No circumstance of insult or aggravation is shown, but only the fact that the ordinance of the city under authority of which the work was done, in so far as it authorized the vacation or abandonment of some parts of streets and avenues, was void because it had not express legislative authority. If conceivably a verdict for punitory damages might have been based upon these facts, we think the passage of the act of March 6, 1907, before the time of the trial, though subsequent to the infliction of the injury, vacating and

annulling the public streets which had actually been
closed by the erection of the terminal station, and
thereby confirming and ratifying to the extent of legisla-
tive competency the structures complained of, had the
effect to relieve defendant of liability for damages which
it is assumed might otherwise have been assessed for the
purpose of punishment. Such damages are assessed in
proper cases in the interest of the state. They are
awarded not for the compensation of the plaintiff, but
as a warning to other wrongdoers. A plaintiff has no
right to maintain an action merely to inflict punish-
ment. Exemplary damages are in no case a right of the
plaintiff, but are assessed at the discretion of the jury
for the purpose indicated; and when the wrongdoer dies
before the action is brought to trial, and the action sur-
vives against his personal representative, only compen-
satory damages may be recovered.—1 Sedg. Dam. § 360
et seq. The state had the right to remit punitory dam-
ages, and by implication did so when it passed the act
of ratification. That act could not, of course, have had
effect in the way of divesting previously vested rights,
and by its terms, out of abundance of caution merely,
those rights were preserved. The plaintiff's right to
complete and adequate compensation for property taken
or injured, including injury to his special right in the
highway as a means of enjoying the free and convenient
use of his abutting property, remained without impair-
ment. The charge in question was properly given.

At the request of the defendant the court charged the
jury in this language: "No aesthetic or unreasonable
desire of the plaintiff for convenience of way should be
permitted by the jury to expand his right of access to an
extent beyond that necessarily essential to a fairly con-
venient way." This language was taken from the opin-
ion in *Jackson v. Birmingham F. & M. Co.,* 154 Ala. 464.

45 South. 660. Its use illustrates the fact that not every expression used arguendo by courts in the decision of causes is suited to the instruction of juries. The language here used, as an instruction to the jury, was open to verbal criticism in that it seems to speak of aesthetic convenience, whereas convenience is a matter of utility, while the aesthetic relates to the beautiful in its adaptation to the production of pleasurable sensation, with which latter the law of eminent domain has no concern. Certainly, when separated from its context in the case from which it is taken, it is a partial and unsatisfactory statement of the principles of that case, and we are unable to see that there was any occasion for its use in the case at hand. Nevertheless, as far as it went it stated no unsound proposition of law, and we are unwilling to affirm error of the action of the trial court in giving it in charge to the jury. Any misleading tendency possibly involved might easily have been corrected by an explanatory charge. If plaintiff apprehended prejudice to his cause from the charge, it was his privilege to offer the necessary explanation.—2 Mayf. Dig. p. 573, § 214, et seq.

Charge 3 should not have been given. At the time of its construction the embankment across Sixth avenue was a nuisance.—*State v. L. & N. R. R. Co.,* 158 Ala. 208, 48 South. 391; *Douglass v. City Council of Montgomery,* 118 Ala. 509, 24 South. 745, 43 L. R. A. 376; *Webb v. Demopolis,* 95 Ala. 116, 13 South. 289, 21 L. R. A. 62. And whether a nuisance or not, there was evidence tending to support plaintiff's contention that it injuriously affected his special right of access from that part of Sixth avenue beyond the embankment and from Twenty-Seventh street The extent and value of that right under conditions obtaining prior to the construction of the embankment, and so the extent of the

injury caused thereby to the plaintiff, were in dispute. The court could not therefore affirm as matter of law that the embankment had not been a nuisance, though that perhaps was of no moment, nor that plaintiff was not entitled to recover damages on account of its obstruction of Sixth avenue. Much the same question was raised by giving charge 7 at plaintiff's request. Construed in connection with the evidence in the cause, as they must be, these charges—more plainly the last mentioned—in effect instructed the jury that, if the erection of the embankment left Sixth avenue conveniently opened in one direction from his abutting lot, the plaintiff suffered no recoverable damage from the fact that the avenue was on the same block wholly closed to travel in the other. The proposition of these charges is not tenable, as was determined in the case of *Birmingham Ry., L. & P. Co. v. Moran,* 151 Ala. 187, 44 South. 152, 125 Am. St. Rep. 121. If plaintiff had enjoyed a right of access to Sixth avenue in the direction of Twenty-Seventh street and thereby to Twenty-Seventh street, that right contributing to the value of his property, and that value was materially impaired by the construction of defendant's works, he was entitled to have the injury so caused taken into account in the assessment of damages.

Of charges 2 and 5 we will not say more than that while they assert correct propositions of law, they were, in view of the evidence, calculated to mislead the jury. We do not affirm error of the action of the court in respect to them.

Charge 12 was doubtless understood to express the same idea as 7, and will be disposed of in like manner.

We discover no tenable objection to charge 10.

Appellant criticises charge 4 as calculated to belittle his recoverable damages, in hypothesizing his right to recover damages, it refers to them as "some" damages. No other exception is taken to the charge. We do not suppose that by this charge the jury was led to the conclusion that the court had the purpose, or did in fact, detract from the effect of the testimony by which plaintiff sought to establish the amount of his damages. The criticism draws too fine a point. There was no error here.

There was no error in giving charge 6. The charge went, not to the measure of damages, but to the plaintiff's right of recovery. The plaintiff did recover. The charge, if error, was harmless.—*Donovan's Case, supra.*

Charges 8 and 9 were properly given. Plaintiff's property was not taken, but damaged consequentially only. The question raised by these charges. has been considered in this court and determined adversely to appellant's contention in *Town of Eutaw v. Botnick,* 150 Ala. 429, 43 South. 739, and in the more recent case of *Bragan v. Birmingham Ry., L. & P. Co.,* 163 Ala. 93, 51 South. 30.

It was made to appear in the evidence that when it became known in a general way and to the public generally that the improvement contemplated by the defendant would be constructed, property in the vicinity, including plaintiff's, took on considerable increment of unearned value by reason thereof, but that when later it was learned that the improvement would result in a permanent and complete obstruction of Sixth avenue at Twenty-Seventh street, this value was lost to plaintiff and others similarly affected by the closure of that avenue. By several questions propounded to witnesses plaintiff indicated the opinion that he was entitled to

have the jury take into consideration, in determining the amount of recovery to be awarded him, the speculative value which his property for a time acquired on a mistaken idea as to what effect the improvement would have upon his property. While plaintiff had the right to have the jury consider every reasonably assured present and prospective use and adaptation of his property, it seems hardly necessary to say that he had no right to the benefit of a common estimate of value which was based upon expectations demonstrated at the time of the trial, and by the very constructions of which he complained, to have been groundless. The proper measure of damage was the difference in the market value of the property before and after the acts complained of. —*H. A. & B. R. R. Co. v. Matthews*, 99 Ala. 24, 10 South. 267, 14 L. R. A. 462. Of this measure the plaintiff had the benefit. In excluding the proposed measure, there was no error.

We are of opinion that plaintiff should have been allowed to ask the defendant's witness Molton to state "whether or not if Sixth avenue was opened across Twenty-Seventh street, the other conditions being the same, whether or not that would affect the value as compared with what it is now." Our opinion as to this is determined by considerations which have already had notice. We need only now to say that there was evidence which tended to support plaintiff's contention that Sixth avenue had been a traveled highway across Twenty-Seventh street before defendant made any change in it. Plaintiff was entitled to the opinion of the witness as to the value of his lot on this hypothesis and to have this hypothesis, and the witness' dependent opinion submitted to the jury. If the change in Twenty-Seventh street affected the value of plaintiff's lot unfavorably, this fact, in connection with all others affect-

ing its value one way or the other, must have been taken into account by the jury.

"Property frequently goes here from residence purposes into business purposes with the changes going on in Birmingham?" This question was disallowed to the plaintiff without error. The hypothesis upon which it sought to base an estimate of value was too general, vague, indefinite, and speculative to afford a trustworthy basis of opinion.

We have considered the assignments of error, and find none other which demand separate treatment or call for a reversal of the judgment. What we have said will suffice for another trial. For the errors indicated, the judgment of the court below will be reversed and the cause remanded for another trial.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.