# Birmingham Railway, Light & Power Company *v.* Long.

*Injury to Realty.*

(Decided May 7, 1912.   Rehearing denied May 28, 1912.
59 South. 382.)

1. *Trespass; Obstructing Street; Right of Action.*—Where a street railway excavation obstructs an alley abutting the rear of premises which affords communication with the street in the rear of the premises, the owner of said premises has a cause of action for damages based on an injury different in kind from that suffered by the general public.

2. *Same; Pleading.*—Where the action is for damages for obstruction of access and damages to a street through an alley abutting the rear of the premises, the complaint need not aver that there were no other means of ingress or egress, or state the use made of the alley before the obstruction.

3. *Same; Measure of Damages.*—The measure of damages in an action for obstruction of access to plaintiff's property by means of an alley, is the depreciation in the market value of the property resulting from the obstruction.

4. *Same; Evidence.*—A plaintiff's deed to the property is admissible to show the extent and character of his possession of the property, in an action for damages for obstructing the right of access to the premises by an alley.

5. *Same.*—A question to the witness as to whether he had inquired of the city authorities as to the grade the street or track was to be laid on, was irrelevant in an action for damages for obstructing an alley by excavating a street.

[Birmingham Railway, Light & Power Company v. Long.]

6. *Evidence; Documentary; Preliminary Evidence.*—A map was properly admitted where a witness testified that he had lived in the near neighborhood of the property for twenty years, and that the map was a correct map of the locality.

7. *Same; Opinion; Collective Fact.*—Where a witness had stated the facts in detail, a question as to whether or not the obstructions interferred with or hindered the use of an alley' for ingress or egress, called for no more than a collective fact and was not objectionable as calling for a conclusion.

8. *Damages; Compensatory; Reduction of Loss.*—The principle requiring an injured party to minimize his damage has no application where the measure of damages is the market value of the property before and after the act complained of.

9. *Judgment; Splitting Cause of Action.*—Where the action was for damages to plaintiff's property resulting from an excavation, obstructing communication from the public street by means of an alley, the injury was single and indivisable, and the cause of action entire, and the person injured could not maintain successive action for damages resulting from the condition complained of.

10. *Appeal and Error; Harmless Error; Cured by Verdict.*—Where the verdict rendered did not include punitive damages, it was harmless error to exclude a question competent on the issue of punitive damages.

11. *Same.*—Where the jury made no award of punitive damages, any error committed in instructions authorizing an award of such damages was harmless.

12. *Charge; Requests; Limitations.*—Where a party desires limitations to be placed upon evidence it becomes his duty to request proper instructions.

13. *Same.*—Where a party deems a charge misleading, it becomes his duty to ask an explanatory instruction.

14. *Same; Misleading.*—A charge asserting that if the minds of the jury, after considering all the testimony, were in a state of confusion as to whether plaintiff should recover was properly refused as misleading, and as submitting a question of law to the jury.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Mrs. Sarah Long against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The question asked Lindsay is as follows: "Well, now, I will ask you, Mr. Lindsay, whether or not that cut interfered with or hindered the use of that alley for the purposes of ingress and egress?" The answer was that they could not use it at all scarcely; and the wit-

ness proceeded to describe the alley, the cut, and the condition surrounding both. The witness Estelle, being examined for defendant, was asked: "Did you make any effort at that time to obtain a showing from the engineering department of the city as to what grade that street or track was to be on when graded?" referring to the street where the excavation had been made.

The following is the charge given to the plaintiff:

(2.) "If the jury believe from the evidence that the plaintiff is entitled to recover, she is entitled to recover a verdict for the full amount of all damages she has sustained, as shown by the evidence."

The following charges were refused the defendant:

(2) "If, after considering all the testimony in this case, your minds are left in a state of confusion as to whether or not plaintiff is entitled to recover in this action, you must find for the defendant."

(3) "If you believe the evidence in this case, you cannot award the plaintiff any damages for the purpose of punishing the defendant."

(4) "I charge you, gentlemen of the jury, that it was plaintiff's duty to exercise reasonable care to make her damages no greater than possible, and to adopt reasonable means to that end."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for apellant. The trial court erred in overruling demurrer to the 5th count of the complaint as amended.— *Hall v. A. B. & A. R. R. Co.,* 158 Ala. 271; *Crofford v. A. B. & A. R. R. Co.,* 158 Ala. 288; *Jackson v. Bir. F. & Mo. Co.,* 154 Ala. 464. Counsel discuss assignments of error relative to evidence, but without citation of authority. They insist that the court erred in its oral charge as plaintiff was not entitled to punitive damages, and it became her duty to use reasonable care to make

her damages as light as possible.—*L. & N. v. Hine,* 121 Ala. 239; *Werten v. Coosa,* 169 Ala. 258. On these same authorities, the court erred in charging that plaintiff was entitled to recover for the full amount of all damages he has sustained if the jury believe from the evidence that plaintiff was entitled to recover. The complaint charged that the defendant committed the wrong by its agent.—*B. S. R. R. Co. v. Gunn,* 141 Ala. 372; *City D. Co. v. Henry,* 139 Ala. 161; *Montgomery S. Ry. Co. v. Rice,* 142 Ala. 674

ALLLEN & BELL, for appellee. Count 5 was not subject to the demurrers interposed.—*H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 24; *Beard v. Hicks,* 50 So. 231; *L. & N. v. Cowley,* 50 South.1015; *B. R. L. & P. Co. v. Moran,* 151 Ala. 187; *Meighan v. Bir. Term Co.,* 165 Ala. 591. The witness testified as to the correctness of the map, and it was admissible.—*Jarvis v. The State,* 138 Ala. 17. Testimony as to the market value is in the nature of opinion evidence, and one need not be an expert or trader to testify.—Section 3960, Code 1907. At any rate, the question called for a mere shorthand rendering of the fact.—*Shafer v. Hausman,* 139 Ala. 237; *Hill v. The State,* 146 Ala. 51. Counsel discuss other assignments of error relative to evidence, but without further citation of authority. They insist that the trial court's oral charge as well as the written charges excepted to were free from error.—*H. A. & B. R. R. Co. v. Matthews, supra; So. Ry. Co. v. Hobbs,* 151 Ala. 335; *A. B. & A. v. Wheeler,* 154 Ala. 530. The evidence showed that defendant did all the cutting.—*Armstrong v. Montgomery St. Ry.,* 123 Ala. 233.

PELHAM, J.—By a process of elimination in pleading and withdrawals, the five counts of the complaint

and amendments thereto were reduced, so that the case was finally submitted to the jury on an issue made under the defendant's pleas to the fifth count of the complaint as amended. Demurrers were filed to this amended count, and the appellant (who was the defendant below) insists that the trial court committed error in overruling these demurrers.

The case made by the fifth count of the complaint, as amended, is: That the defendant was a public service corporation; that plaintiff was the owner of a certain lot in the city of Birmingham particularly and definitely described; that the defendant, in the enlargement of its works, etc., excavated or removed a large quantity of earth or dirt on one of the streets of the city at a point where an alley, upon which plaintiff's property abuts, enters or adjoins such street; that the alley, where it enters or joins the street, was closed or greatly obstructed and rendered inaccessible because of such excavation. The allegations, in describing the location of plaintiff's property in relation to the streets, alley, and place of excavation, show that the lot upon which the plaintiff's house is situated is in the block immediately adjoining the street in which the excavation was made, only one 50-foot lot on the corner of the block intervening between plaintiff's lot and this street; and that the alley, access to which was shut off, was in the immediate rear of plaintiff's property, and led directly into the street excavated, and cut off plaintiff's communication through the alley with this street.

An interference with the right of access and passage from an abutting alley into an adjoining street is clearly averred in the complaint in such manner as to show a claim for damages, based on an injury different in kind from that suffered by the public in general. It was not necessary to aver that plaintiff had no other

means of ingress or egress than that cut off by the excavation, or the user to which the passage into the street, before being cut off, was put. These were matters that might be considered as evidence going to the damage and amount of recovery, but were not necessary in stating a cause of action. The fifth count of the complaint, as amended, was not subject to the demurrers interposed.—*Meighan v. Birmingham Terminal Co.,* 165 Ala. 591, 51 South. 775; *Birmingham R., L. & P. Co. v. Moran,* 151 Ala. 187; 44 South. 152, 125 Am. St. Rep. 21; *H. Ave. & Belt. R. R. Co. v. Matthews,* 99 Ala. 24, 10 South., 267, 14 L. R. A. 462.

We have examined the rulings of the court on the evidence, and find no error committed by the court in passing on the objections of counsel to the admission or exclusion of evidence. The witness Uhl testified that he had lived in the near neighborhood of the location of the property in question for about 20 years, and that the map shown him was "a correct map of the locality where Mrs. Long (the plaintiff) lives." The map was properly admitted.

Clearly the measure of damages was the depreciation of the market value of the property, caused by the excavation in question.—*H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; *Meighan v. Birmingham T. Co.,* 165 Ala. 591, 603, 51 South. 775; 3 Sedgwick on Damages, 414. And the questions asked the witness Uhl, Smith, and Hutto on the market value of the lot were competent and proper as tending to show the market value of the property before and after the acts complained of.

The question asked the witness Lindsay called for no more than the short-hand rendering of a collective fact.—*Shafer v. Hausman,* 139 Ala. 237, 35 South. 691. The witness stated in detail the facts, and even if the

statement was an unauthorized conclusion it was not prejudicial to the defendant.—*Hill v. State,* 146 Ala. 51, 41 South. 621; *Adair v. Stovall,* 148 Ala. 465; 42 South. 596.

The deed of plaintiff to the property was admissible for the purpose of showing the extent and character of her possession of the property described. If defendant desired a limitation placed on the evidence, it should have requested proper instructions.

The question asked the witness Estelle as to his having inquired of the city authorities, or any other third person, in reference to the grade of the street, could have elicited no legal evidence, and the objection to the question was properly sustained. If the purpose of the question, as contended by appellant, went to the imposition of punitive damages, and was competent for that reason, the ruling was without injury, as the verdict rendered is clearly shown not to include punitive damages.

The principle requiring the injured party to minimize the damage has no application to this case, where the measure of damages is the market value of the property before and after the damage complained of; and the oral charge of the court, to the effect that the plaintiff was not required to minimize her damage by using an adjoining lot belonging to private parties in going to and from her property, was not error of which defendant can complaint. Nor was there error in refusing the written charges asserting the plaintiff's duty to minimize her damages.

The assignments of error going to the instructions of the trial court authorizing the jury to award punitive damages are not available to work a reversal of the case. If the court erred in submitting this question to the jury, it is immaterial; for it is obvious from the evi-

dence as to the amount of the injury, and depreciation in value of the property as shown by the testimony, that the jury, in awarding damages, only allowed actual damages for the depreciation in market alue, and made no award of punitive damages.—*City of Eufaula v. Simmons*, 86 Ala. 515, 6 South. 47; *Birmingham R.; L. & P. Co. v. Demmins*, 3 Ala. App. 359, 57 South. 404.

Charge No. 2, given at the request of the plaintiff, is no more than a statement of the rule of law that the injury was single and indivisible, and that plaintiff's entire cause of action was involved in this suit, and that successive suits for the recovery of continuing damage could not be maintained; that the existence and continuance of the condition complained of constituted but one wrong; and that future and past damages could only be recovered in this action. If the defendant deemed the charge calculated to mislead, the duty devolved upon it to ask an explanatory charge, as would seem to have been the course pursued, from a reading of charge No. 7, given at the request of the defendant.

Charge No. 2, requested in writing by the defendant and refused by the court, is misleading, and not such a charge as the court will be put in error for refusing.— *Bodine v. State*, 129 Ala. 106, 112 29 South. 926; *So. Ry. Co. v. Hobbs*, 151 Ala. 335. 32 South. 844; *A., B. & A. R. R. Co. v. Wheeler*, 154 Ala. 530, 46 South. 262; *Robinson v. Crotwell*, 174 Ala. 57 South. 23; *Johnston Bros. v. Bentley*, 2 Ala. App. 281, 56 South. 742. One construction that could be placed on this charge would be that of referring a question of law to the jury, and it could have been properly refused for that reason.—*Land Co. v. Edmonson*, 145 Ala. 557, 40 South. 505; *Dungan v. State*, 2 Ala. App. 235, 57 South. 117.

There was sufficient evidence connecting the defendant with the commission of the act complained of to

authorize a finding against it, and the general charge was properly refused.

We have considered all the errors assigned and argued by counsel for appellant, and none of them presents error for which the case should be reversed.

Affirmed.