# Birmingham Railway, Light & Power Company *v.* Long.

### *Damage to Realty.*

(Decided January 21, 1913.   61 South. 11.)

1. *Street Railways; Excavating Street; Damage to Realty; Complaint.*—The complaint examined and held sufficiently to describe the property in question, and to allege the duty owing by defendant and a damage different in kind from that suffered by the general public as a proximate consequence of the alleged wrong, and the injury to plaintiff's means of ingress and egress. whereby his property was damaged or injured.

2. *Same; Evidence.*—Where the measure of recoverable damages is to be determined by the reasonable market value of the property just before and just after the injury complained of, as is the case here, it was competent to introduce evidence as to the probability of the plaintiff having to build a retaining wall because of the excavation as an aid to the jury in reaching a conclusion as to whether or not the property had deteriorated in value, and to estimate such deterioration.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Charles L. Long against the Birmingham Railway, Light & Power Company for damages for excavating. Judgment for plaintiff, and defendant appeals. Affirmed.

Count A is as follows: "Plaintiff claims of defendant the sum of $5,000 as damages for that, to-wit, on August 1, 1910, plaintiff was owner and in possession of lot No. 8, in block 15, Rising Station, Compton survey, as shown by the map on record in the office of judge of probate of Jefferson county, Ala., situated in Jeffer-

son county, Ala., which said lot abutted on Lancaster avenue, a public street or public highway in said county; that on said date defendant, by its agent, servants, or employees, acting within the line and scope of their employment, excavated from out of said Lancaster avenue at a point where said lot abuts thereon a large quantity of earth and dirt in the construction or enlargement of its railroad used in the business of a public service corporation, and as a proximate consequence thereof the egress and ingress to and from said lot was greatly injured and hindered, and the value of said lot was proximately reduced and lessened." The demurrers were that the averments were vague, indefinite, and uncertain. It does not appear therefrom with sufficient certainty wherein or how defendant violated any duty it owed the plaintiff. It does not appear with sufficient definiteness what duty the defendant owed the plaintiff. It is not made to appear that plaintiff suffered any damage from the alleged wrong, which was different in kind from that suffered by the general public as a proximate consequence of said alleged wrong. It does not appear that plaintiff's said lots abut on said avenue. It fails to state a cause of action. It does not appear that there was no other means of ingress or egress from plaintiff's said lot. It does not appear what was the part of Lancaster avenue in which said excavation was made, or that the part which was excavated was the property of the plaintiff at the time of the commission of the alleged wrong. It does not appear with sufficient certainty how or wherein plaintiff or his said property was damaged or injured in consequence of the said wrong. The charge of the court objected to is as follows: "As I said before, the measure of damages would be the difference in the reasonable market value of the property immediately before the excavation and

the reasonable market value of the property immediately after the excavation."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. Count A was not sufficient and the demurrers thereto should have been sustained. There are two methods of measuring damages to real estate, such as are here sued for. 1st, as held by some courts, the cost of putting the property back in its original condition where possible.—145 Pa. 612; 58 Tex. 546; 19 Ore. 240. 2nd, the Alabama doctrine of the difference in value just before and just after the particular injury thereto.—*H. A. & B. v. Matthews,* 99 Ala. 24; 31 Mo. 262; 51 Barb. 94. Under the Alabama doctrine, the court was clearly in error as to the probabilities of a retaining wall being required, and in admitting evidence relative thereto.

ALLEN & BELL, for appellee. The count was sufficient.—*B. R., L. & P. Co. v. Long,* 59 South. 382. The measure in damages was the difference in value before and after the injury complained of, and the question of whether or not a retaining wall would be necessary is proper as shedding light on that inquiry.—*H. A. & B. v. Matthews,* 99 Ala. 24; *Town of Eutaw v. Botnick,* 150 Ala. 429. On these same authorities, the oral charge of the court was correct.

PELHAM, J.—Count A of the complaint, on which the plaintiff's case was submitted to the jury, is sufficient, or at least not defective in any particular pointed out by the demurrers attacking it. The property alleged to be damaged is definitely described, as is also the point of the excavation complained of as having been made by the defendant, and the location of the.

property with reference to the excavation designated by proper and specific averment. The interference to ingress and egress of the property is alleged as the proximate consequence resulting to the plaintiff's abutting property from the excavation made by the defendant in the public highway.

There was no error committed by the court in permitting the defendant to cross-examine the witness J. H. Quill on the question of damages as referable to the probability of the plaintiff having to build a retaining wall because of the excavation being made. While the measure of recoverable damages is to be determined by the reasonable market value of the property just before and immediately after the injury complained of, this evidence was proper to go to the jury as a circumstance to aid the jury in reaching a conclusion as to whether or not the property had deteriorated in value, and to estimate the amount of deterioration, if any.—*Town of Eutaw v. Botnick,* 150 Ala. 429, 43 South. 739, citing *Montgomery & Western R. R. Co. v. Varner,* 19 Ala. 185; *Hames v. Brownlee,* 63 Ala. 277. See, also, *Highland Ave. & Belt R. R. Co. v. Matthews,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462.

That portion of the oral charge of the court to which an exception was reserved, when construed in connection with the whole charge and as applicable to the evidence, is a correct statement of the law as to measure of damages recoverable.—*B. R., L. & P. Co. v. Long,* 5 Ala. App. 519, 59 South. 382, and authorities there cited.

Affirmed.