HOUSTON, Justice
(dissenting).
I dissent. See Ala.Code 1975, § 6-5-391 (amended August 8, 1995); Lowe v. Fulford, 442 So.2d 29 (Ala.1983); Meigkan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775 (1910). Even though I have in the past vigorously disagreed with this rule of law (see Tatum v. Sobering Corp., 523 So.2d 1042, 1047-63 (Ala.1988) (Houston, J., dissenting)), damages in Alabama wrongful death cases are entirely punitive. That being the case, Mr. Wilson had no vested right to receive these punitive damages for the death of his minor son David, Lowe v. Ful-ford, even though, as the parent with David’s custody, Mr. Wilson had the exclusive right to initiate the action to seek to recover for David’s wrongful death. § 6-5-391. After Mr. Wilson filed his action to recover for David’s death, but before that action was settled, the legislature amended § 6-5-391 to provide that proceeds received from an action based on the wrongful death of a minor are to be distributed in accordance with the laws of intestate succession. Therefore, David’s mother, Ms. Killiner, should have received part of these proceeds.